WRIGHT et al., Appellants and Cross–Appellees,

v.

STRUCTO, DIVISION OF ELJIR MANUFACTURING, INC., Appellee;
Coal & Woodburner, Inc., Appellee and Cross–Appellant.

[Cite as *Wright v. Structo, Div. of Eljir Mfg., Inc.* (1993), 88 Ohio App.3d 239.]

Court of Appeals of Ohio,
Lucas County.

No. L–91–405.

Decided June 11, 1993.

*David W. Gatwood,* for appellants and cross-appellees.

*Sarah A. McHugh,* for appellee Structo.

*M. Donald Carmin* and *Katherine Cobb Jones,* for appellee and cross-appellant Coal & Woodburner, Inc.

HANDWORK, Judge.

This case is on appeal from the October 31, 1991 judgment of the Lucas County Court of Common Pleas which dismissed appellants' complaint with prejudice. On appeal, appellants assert the following assignments of error:

"I.   The trial court committed reversible error by granting defendant's motion in limine.

"II.   The trial court abused its discretion by dismissing the plaintiffs' action.

"III.   The trial court's reliance upon a local rule for support of its dismissal entry is improper.

"IV.   The trial court's exclusion of evidence of lost wages was done without legal authority and was an abuse of discretion."

Coal & Woodburner, Inc., one of the appellees, also filed a cross-appeal from the October 31, 1991 judgment, asserting the following cross-assignment of error:

"The trial court committed reversible error when it granted plaintiffs' oral motion in limine to prevent testimony from defendants' experts as a sanction imposed pursuant to Civil Rule 37."

On May 30, 1990, appellants, Sylvester Wright, Theresa Wright, Jazz Wright, and Allstate Insurance Company, brought suit against appellees, Structo and

Donald Spencer, d.b.a. Coal & Woodburner, Inc. Appellants alleged that Sylvester and Jazz Wright were seriously and permanently injured when the liquid propane gas from a Structo gas grill exploded immediately after the grill was installed at the Wright home by Donald Johnson, an employee of the seller, Coal & Woodburner, Inc. Theresa Wright alleged a consortium claim. The suit was previously filed and voluntarily dismissed by appellants.

On October 4, 1991, Structo filed two motions *in limine.* Structo sought to have the court exclude from evidence the testimony of appellants' expert witness because appellants did not respond to Structo's discovery requests to depose this witness. Structo also sought to have the court exclude evidence of lost wages and disability because appellants failed to provide Structo with such evidence pursuant to an interrogatory request.

On October 7, 1991, the date set for trial, a hearing was held on these motions. Counsel for Structo stated that she had requested through interrogatories (allegedly filed December 20, 1989, and refiled in the present case) information concerning Sylvester Wright's lost wages or disability claim. These interrogatories are not part of the record on appeal; but it appears from the transcript that a copy of the file-stamped interrogatories was shown to the judge. Counsel for Structo further stated that appellants indicated in their answer to the interrogatory that they would supplement their answer with wage documentation when it became available. Counsel for appellants, who had been retained only six weeks prior to trial, was not aware of any such interrogatory from Structo. Counsel for Structo acknowledged receipt on October 4, 1991, of a workers' compensation file, other papers, and perhaps income tax papers from appellants, which could be used as evidence of the lost wages claim. However, she stated that she had never received payroll records and was never informed of the exact dollar figure of the lost wages claim. Structo counsel knew that counsel for Coal & Woodburner, Inc. had received some additional documents three weeks prior to this hearing. Appellants' counsel stated that this was an oversight. Appellants' counsel stated that he supplied Structo with all of the documents he had received and had not intentionally withheld any information from it. He stated that he supplied Structo with the workers' compensation records when requested at a recent deposition. Further, he stated that during conversations with Structo's counsel, no mention was ever made of this interrogatory.

The second issue discussed at the hearing was the deposition of appellants' expert witness. Counsel for Structo stated that she had submitted informal and written requests to appellants' counsel for the opportunity to depose appellants' expert witness, but was never given the opportunity to depose the witness. In addition, Structo's counsel stated that this expert was identified as a witness only within the prior six weeks and not within sixty days prior to trial. Counsel for

appellants stated that he was not aware of why a deposition was not provided. However, he had informally identified the expert as a witness since he had been retained on the case. Counsel for Structo acknowledged that she had received the expert's report when the lawsuit was filed. Appellants' counsel also made an oral motion to exclude the expert witnesses of appellees on the ground that they also were not identified more than sixty days before trial. There is nothing in the record to indicate if or when witnesses were identified.

The hearing also involved the motions of Coal & Woodburner, Inc. for sanctions. Because appellants had failed to supply Coal & Woodburner, Inc. with evidence relating to Sylvester Wright's urological injury pursuant to a prior court order, the court barred such evidence or damage from being admitted at trial pursuant to Civ.R. 37(B)(2). Further, the court barred from evidence any testimony or evidence regarding urological treatment, or expenses incurred for treatment, by several named physicians or physicians seen within the prior ten years. This order was also a sanction for failing to obey a prior order of the court to produce such information for Coal & Woodburner, Inc. Based upon the sparse record before us, these two rulings, however, do not appear to cover the expert Structo sought to bar from testifying or the lost wages/disability claim.

On October 31, 1991, the court entered its judgment granting Structo's motions *in limine* and excluded evidence of lost wages and disability and the testimony of appellants' expert witness. The court also granted appellants' oral motion to exclude the testimonies of appellees' experts. These motions were granted as sanctions under Civ.R. 37. At the hearing, the trial judge also stated that the expert witnesses would not be allowed to testify because Loc.R. 16.03 had been violated. Because appellants' case would be subject to a directed verdict without the expert testimony, the court dismissed the complaint as a Civ.R. 37 sanction.

Appellants argue in their first assignment of error that a motion *in limine* is not a proper means of dealing with a violation of the Civil Rules regarding discovery. Appellants allege that appellees knew of the expert witness for over two years, knew at least seven months prior to trial that he would be called to testify at trial, and had a copy of his report. Appellants also argue that nothing in the record suggests that appellants intended to mislead or surprise appellees. Finally, appellants argue that appellees never sought to depose their expert, submit interrogatories and/or request for production of documents relating to the opinion of their expert, or seek a remedy provided by Civ.R. 37. In their second assignment of error, appellants argue that the court improperly applied Civ.R. 37(D) and that the sanction of dismissal of their complaint constituted an abuse of discretion. In their third assignment of error, appellants argue that even though Loc.R. 16.03 of the Lucas County Court of Common Pleas was violated, such violation was not intentional and did not prejudice appellees. Appellants further

argue that the remedy for a violation of Loc.R. 16.03 is to seek an order to compel under Civ.R. 37(B).

In 1991, Loc.R. 16.03 of the Court of Common Pleas of Lucas County, General Division, read as follows:

"16.03—Disclosure of Witnesses. Unless otherwise directed by the Court, all witness, including expert witnesses, shall be disclosed to the opposing party or parties no less than sixty days before trial. The Court may also order the parties to disclose expert opinions and reports by a specific date. The parties shall supplement their disclosure of matters which have been ordered disclosed, or otherwise, may forfeit the right to present the witness or evidence at trial."

Civ.R. 37(D) provides as follows:

"Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection. If a party or an officer, director, or a managing agent of a party or a person designated under Rule 30(B)(5) or Rule 31(A) to testify on behalf of a party fails (1) to appear before the officer who is to take his deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion and notice may make such orders in regard to the failure as are just, and among others it may take any action authorized under subsections (a), (b), and (c) of subdivision (B)(2) of this rule. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court expressly finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

"The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by Rule 26(C)."

The federal courts reserve the use of Civ.R. 37(D) sanctions for cases where a party seriously or totally fails to respond to interrogatories. 8 Wright & Miller, Federal Practice and Procedure (1970) 809, Section 2291. If a party fails to answer only some of the interrogatories, the federal courts require the opposing party to first seek an order to compel under Civ.R. 37(A). *Id.* at 810. The Supreme Court of Ohio, however, has held that a party's failure to supplement answers to an interrogatory regarding expert witnesses is sufficient to warrant immediate sanctions under Civ.R. 37(D). See *Shumaker v. Oliver B. Cannon & Sons, Inc.* (1986), 28 Ohio St.3d 367, 28 OBR 429, 504 N.E.2d 44;

*Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 19 OBR 123, 482 N.E.2d 1248; *Paugh & Farmer, Inc. v. Menorah Home for Jewish Aged* (1984), 15 Ohio St.3d 44, 15 OBR 142, 472 N.E.2d 704; and *Jones v. Murphy* (1984), 12 Ohio St.3d 84, 12 OBR 73, 465 N.E.2d 444, syllabus. See, also, *Savage v. Correlated Health Serv., Ltd.* (1992), 64 Ohio St.3d 42, 49, 591 N.E.2d 1216, 1221 (H. Brown, J., concurring in part and dissenting in part). It appears, therefore, that under Ohio law, Civ.R. 37(D) sanctions may be imposed for the failure to answer or supplement an answer to even one interrogatory. The key to how severe the sanction will be is whether the party who submitted the interrogatory was prejudiced by the failure of the opposing party to answer the interrogatory. Motive or intent is irrelevant. See *Savage, supra,* at 55, 591 N.E.2d at 1224 (Holmes, J., dissenting); *Huffman, supra,* 19 Ohio St.3d at 85, 19 OBR at 125, 482 N.E.2d at 1250. The trial court's decision will not be reversed absent a showing of an abuse of discretion. The abuse of discretion standard of review "connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Tracy v. Merrell Dow Pharmaceuticals, Inc.* (1991), 58 Ohio St.3d 147, 152, 569 N.E.2d 875, 880.

A similar local rule was involved in the case of *Paugh, supra.* In the *Paugh* case, the defendant's expert was not permitted to testify at trial because defendant did not identify the expert until one week before trial. Loc.R. 21 of the Court of Common Pleas of Cuyahoga County, General Division, provided as follows:

"(C) Expert witnesses whose reports have not been furnished to opposing counsel prior to a pretrial hearing held within sixty (60) days before trial, will not be permitted to testify at the trial. * * *"

The defendant sought to extend the deadline for filing expert reports, but this motion was never ruled upon by the court. The Supreme Court of Ohio held that defendant had no basis for presuming that the deadline had been extended. *Id.,* 15 Ohio St.3d at 46, 15 OBR at 143, 472 N.E.2d at 706. The court held that defendant's failure to comply with the local rule amounted to willful noncompliance. *Id.* at 46, 15 OBR at 143, 472 N.E.2d at 706, fn. 1. The court found that the trial court did not abuse its discretion by barring defendant's expert from testifying based upon the rule of law set forth in *Jones, supra. Paugh* at 45–46, 15 OBR at 143, 472 N.E.2d at 706.

In the *Jones* case, defendant's motion *in limine* was granted barring plaintiff's expert from testifying at trial because plaintiff intentionally never disclosed his expert to defendant pursuant to the obligation under Civ.R. 26(E)(1)(b) despite repeated attempts by defendant to obtain such information. *Jones,* 12 Ohio St.3d at 85, 12 OBR at 75, 465 N.E.2d at 445. The court permitted the immediate imposition of this sanction under Civ.R. 37(D) and did not require that an order

to compel be sought first pursuant to Civ.R. 37(A). Emphasis on the intentional noncompliance element seen in these two cases has been replaced by emphasis on the prejudice caused by the noncompliance. See *Savage, supra.*

The unfair surprise that results from violating Civ.R. 26(E)(1)(b) makes admission of such evidence prejudicial. A motion *in limine* is the proper vehicle by which a party may seek to exclude prejudicial evidence at trial. The ruling on the motion is reviewable in the case before us because the court dismissed appellants' case prior to trial. See *Huffman v. Hair Surgeon, Inc., supra.*

■ Upon a review of the facts of this case, we find that appellants have failed to demonstrate that the trial court abused its discretion when it barred their expert's testimony. Appellants' failure to cooperate in the discovery process prohibited appellees from fully developing their defense and preparing for cross-examination. The decision to dismiss appellants' case was proper in light of the fact that appellants had no expert testimony to support their case. Accordingly, appellants' first, second and third assignments of error are found not well taken.

In their fourth assignment of error, appellants contend that the trial court abused its discretion by excluding from evidence all of their evidence of lost wages and disability. They argue that a motion *in limine* is not a proper procedural vehicle to challenge the admissibility of this evidence and that the court ignored the precepts of Civ.R. 37 (the need for an order to compel before sanctions can be imposed). Appellants further argue that they should not be precluded from introducing such evidence as their own testimony regarding the lost income.

■ Civ.R. 37(D) permits evidence to be excluded pursuant to a motion *in limine* if a party fails to serve answers to interrogatories. *Jones, supra,* at syllabus. In the case before us, Structo stated that it did not know the exact figure of appellants' lost wages/disability claim. While it had some information, that information was not complete. Structo was never able to fully complete its case because of appellants' failure to answer this interrogatory. Thus the trial court could properly bar such evidence at trial. The form of the evidence is irrelevant. All such evidence is barred because of the prejudicial effect. We find that appellants have failed to demonstrate that the trial court abused its discretion in this case. Therefore, appellants' fourth assignment of error is found not well taken.

Having found that appellants' assignments of error are not well taken, the cross-assignment of error of Coal & Woodburner, Inc., is rendered moot.

*Judgment affirmed.*

**246**

GLASSER, P.J., concurs.

MELVIN L. RESNICK, J., dissents.

MELVIN L. RESNICK, J., dissenting.

I must respectfully dissent from the majority opinion. Initially, it should be noted that there were at least three prior attorneys who represented appellants in this cause. Second, it appears that the initial complaint was dismissed pursuant to Civ.R. 41(A) and that interrogatories which had been answered therein were never refiled upon the reinstitution of the action. Finally, the last attorney representing appellants had been retained only six weeks prior to the date set for trial.

In *Ward v. Hester* (1973), 36 Ohio St.2d 38, 65 O.O.2d 181, 303 N.E.2d 861, the Ohio Supreme Court fully discussed the sanctions provided in Civ.R. 37(B). In doing so, the court relied on a decision from the United States Supreme Court[1] which held first "that a sanction, of the degree of severity as dismissal, could not be justified when the failure was the result of the party's inability and not *wilfulness or bad faith.*" (Emphasis added.) *Id.* at 42, 65 O.O.2d at 183, 303 N.E.2d at 864.

The Ohio Supreme Court went on to say that:

" '[T]he *Rogers* court laid particular emphasis upon the level of contumacy as a determinant of the harshness of the sanction. It stated unequivocally that no wilfulness is necessary to bring Rule 37(b) into play. But it added that *wilfulness* is a *necessary ingredient* in a decision to dismiss the case for failure to produce.' " (Emphasis added.) *Ward,* 36 Ohio St.2d at 42, 65 O.O.2d at 183, 303 N.E.2d at 864.

My review of the entry of the court below makes no such finding and based upon the problems caused with three prior attorneys having represented appellants, it is evident that the latest attorney may not have had all the necessary information available to him to comply with the discovery requests. Also, since he was only on the case for six weeks, he could not comply with the local rule.

Although I can appreciate a court's desire to move its docket, to do so in this type of situation is to deny appellants their day in court. This I cannot abide, as lesser sanctions could have been issued if necessary or the court, in the interest of justice, could have continued the trial for six to ten weeks with strict orders of compliance to complete all discovery and notice of possible dismissal if there was

---

1. *Societe Internationale Pour Participations Industrieles et Commerciales v. Rogers* (1958), 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255.

noncompliance. For the reasons stated, I would sustain all appellants' assignments of error and sustain cross-appellant's single assignment of error.