JOURNAL ENTRY and OPINION
Appellants Denise and Aaron Brzezinski, M.D. appeal the trial court's judgment in favor of appellee-defendant Michael Feuerwerker denying them attorney's fees, treble damages, and declining to remove a mechanic's lien from their home. The Brzezinskis assign the following three errors for our review:
 I. THE LOWER COURT ERRED WHEN IT REFUSED TO AWARD PLAINTIFFS/APPELLANTS ATTORNEY FEES.
 II. THE LOWER COURT ERRED WHEN IT REFUSED TO TREBLE DAMAGES AWARDED TO PLAINTIFFS/ APPELLANTS AFTER THE JURY DETERMINED THAT THE DEFENDANT/APPELLEE VIOLATED THE CONSUMER SALES PRACTICES ACT.
 III. THE LOWER COURT ERRED WHEN IT REFUSED TO REMOVE A PREJUDGMENT MECHANICS LIEN MAINTAINED BY DEFENDANT/APPELLEE UPON PLAINTIFFS/ APPELLANTS' PROPERTY AFTER THE JURY FOUND AGAINST DEFENDANT/APPELLEE ON ALL OF HIS COUNTERCLAIMS AGAINST THE PLAINTIFFS/APPELLANTS.
Appellee Michael Feuerwerker, cross-appeals the trial court's judgments excluding the use of a supplement to an expert report and granting the Brzezinskis' motion to strike various counts from his second amended counterclaim. Feuerwerker assigns the following three errors for our review:
 I. THE COURT ERRED TO THE PREJUDICE OF THE DEFENDANT IN REFUSING TO PERMIT THE INTRODUCTION OF THE CONCLUSION OF THE EXPERT TANTLINGER DUE TO THE ALLEGED UNTIMELY FILING THEREOF, THE SAME BEING IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE FEDERAL CONSTITUTION AND TO THE CONSTITUTION OF THE STATE OF OHIO, ARTICLE 1, SECTIONS 16 AND 19.
 II. BY EXCLUDING THE TESTIMONY AND THE REPORT OF MR. TANTLINGER, C.P.A., EXTREMELY LIMITED THE TENDERED PROOF OF THE DEFENDANT IN RESPECT TO A) THE PROOF OF EXTRAS AND OTHER RELATED ITEMS AND IN PARTICULAR THE TWO (2) CHECKS, EACH FOR A TOTAL OF $25,000.00 AND THE TOTAL NAMELY $50,000 SHOULD HAVE BEEN CREDITED TO THE LOT AND NOT THE RESIDENCE, IN ALL SHOWING THAT THERE WAS DUE FROM THE PLAINTIFFS TO THE DEFENDANT $2,126.00.
 III. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN GRANTING THE MOTION OF THE PLAINTIFFS TO STRIKE COUNTS TWO, FOUR AND FIVE FROM THE SECOND AMENDED COUNTERCLAIM OF THE DEFENDANT.
Having reviewed the record and the legal arguments of the parties, we affirm in part and reverse in part the judgment of the trial court as to Brzezinski's appeal, and affirm the trial court's judgment as to Feuerwerker's appeal. The apposite facts follow.
On January 21, 1994, the Brzezinskis entered into a contract with Michael Feuerwerker to construct a home. The construction price of the home was $350,734.00. The contract required Feuerwerker to complete construction on the home no later than December 1, 1994.
As of February 1995, the home was not complete. Also, the Brzezinskis found some of the completed work unsatisfactory. In March 1995, the Brzezinskis decided to have another builder complete the home.
On April 6, 1995, Feuerwerker filed a mechanic's lien against the Brzezinskis' property. On June 30, 1995, the Brzezinskis filed suit against Feuerwerker and hired another contractor. In their suit, the Brzezinskis alleged breach of contract, fraud, violations of the Ohio Consumer Sales Practice Act (CSPA), slander of title due to the mechanics lien, breach of duty to construct in a workmanlike manner, unjust enrichment, partnership liability, and requested an accounting. They also sought a declaratory judgment to strike the mechanic's lien. They requested general and special damages, in an amount to be established at trial, for their claims related to breach of contract, the CSPA violations, fraud, breach of duty, unjust enrichment, and slander of title. They sought punitive damages, in an amount to be proven at trial, for the fraud claim and treble damages for the allegations of unconscionable acts under the CSPA. The Brzezinskis also sought costs and expenses, including but not limited to attorney's fees, for the claims related to fraud, and the CSPA violations, and all moneys due them as proven by the accounting.
Feuerwerker filed counterclaims for breach of contract for failure to pay under the contract, as well as the subsequent modifications. He also sought relief under the theories of unjust enrichment and promissory estoppel. Feuerwerker requested general and special damages on all three counts.
On February 24, 1997, an original discovery cut-off date of July 31, 1997 was set by the court. A trial date of November 5, 1997 was also set. On July 23, 1997, the parties stipulated that this date was to be extended until September 1997. On August 26, 1997, the parties again stipulated to extend discovery until October 1, 1997. Dr. Tantlinger was to have been deposed on September 19, 1997. The parties agreed to continue this date.
On October 3, 1997, Mr. Feuerwerker filed a motion for a protective order to stop the taking of Dr. Tantlinger's deposition. At this time, the deposition was scheduled for October 7, 1997. He cited conflicts in previously scheduled hearings as his reason. The court denied this motion on October 7, 1997 and ordered the deposition to go forward. The trial court also denied a motion to reconsider that order.
On October 7, 1997, the Brzezinskis filed a motion in limine
requesting sanctions pursuant to Civ.R. 37 based on Dr. Tantlinger's failure to appear at the scheduled depositions. On the first day of the trial, the Brzezinskis raised the motion inlimine on the record. The Brzezinskis requested the court limit Dr. Tantlinger's testimony to the information contained in Dr. Tantlinger's original report, which Feuerwerker provided in March 1996. They sought to exclude testimony related to a supplemental report due to his failure to attend the deposition, as well as a failure to make the supplemental report available thirty days prior to trial. After a hearing on the matter, the court granted the motion in limine. Feuerwerker proffered the evidence he expected Dr. Tantlinger to provide, preserving the issue for appeal.
During the trial the parties stipulated the jury would determine if attorney's fees would be awarded for the breach of contract, CSPA, and fraud claims. If the jury awarded attorney's fees, then the court would determine the amount.
The jury returned a verdict on December 9, 1997. The jury found for the Brzezinskis on their claims for fraud, violations of the CSPA, and breach of contract. The jury awarded the Brzezinskis $65,000.00 for the breach of contract claim. While it found Feuerwerker violated the CSPA and committed fraud, the jury chose not to award the Brzezinskis damages on these claims. The jury denied the Brzezinskis' claim for punitive damages as well. However, the jury indicated the Brzezinskis should be awarded attorney's fees for their CSPA claims, but denied them recovery of attorney's fees on their fraud claim. Finally, the jury denied all of Feuerwerker's counterclaims.
Following the trial, the Brzezinskis filed a motion for judgment not withstanding the verdict requesting the court award them treble damages and attorney's fees under their CSPA claim. The Brzezinskis' also filed a motion for attorney's fees pursuant to the construction contract and a motion for prejudgment interest. Additionally, the Brzezinskis filed a motion to remove the mechanic's lien from their property.
On March 6, 1998, the court conducted an oral hearing on these motions. Following the hearing the trial court issued journal entries denying all of the motions except the motion for costs. The trial court granted the motion for costs on the condition that the Brzezinskis furnish the court with receipts.[1] The court specified that it denied the motion for prejudgment interest because the Brzezinskis received no monetary award under their CSPA claim or any other tortious cause of action. However, the trial court's journal entry provided no reason for denying the other motions.
The Brzezinskis initially appealed the trial court's order on April 6, 1998. This Court dismissed the appeal for lack of jurisdiction pursuant to Civ.R. 54. This court found the trial court failed to dispose of the claims for slander of title, breach of duty, unjust enrichment, declaratory judgment, and the Brzezinskis' request for an accounting. This court also found the journal entries regarding the claims for breach of contract and fraud unclear as regarding whether the jury found in favor of both plaintiffs. Further, this court found the trial court failed to indicate the disposition of all five counterclaims.
On remand the trial court issued the following journal entry:
 First, all of Plaintiff's claims in Counts V, VI, VII and VII of their Amended Counterclaim were resolved at trial of this matter. They were either addressed directly, waived, not prosecuted or covered by existing verdicts and entries. To the extent not covered by the same, such counts are hereby dismissed. Likewise, the declaratory judgment requested by plaintiffs was decided by the Court in its denial of Plaintiffs' motion to Remove Lien and accordingly said declaratory judgment is denied.
 Second, both journal entries * * * rendering judgment only in favor of one Plaintiff are incorrect inasmuch as the verdict forms reflect or should have reflected both Plaintiffs and such entries are hereby corrected accordingly to render such verdicts in favor of both Plaintiffs.
 Third, costs beyond statutorily awarded costs were ordered * * * but never specified. This court hereby orders such costs as Two Thousand Thirty-Three and 25/100 Dollars ($2,033.25).
 Fourth, all of defendant's counterclaims were compulsory counterclaims arising from the same subject matter and were resolved at trial of this matter. They were either addressed directly, waived, not prosecuted or covered by the existing verdicts and entries. To the extent not covered by same, such counts are hereby dismissed.
 Final judgment has now been made as to all claims and counterclaims.
It's from this final order that the parties appeal.
In the first assignment of error, the Brzezinskis allege that the trial court erred when it denied their motions for attorney's fees. They contend the contract for construction of the home contained an indemnification agreement which required Mr. Feuerwerker to indemnify them for attorney's fees incurred in enforcing the contract. Additionally, they argue a right to recover attorney's fees associated with their Consumer Sales Practice Act (CSPA) claim.
With regard to attorney fees, Ohio courts follow the American Rule. Nottingdale Homeowners' Association, Inc. v. Darby (1987),33 Ohio St.3d 32, 514 N.E.2d 702; Worth v. Aetna Cas. Sur. Co.
(1987), 32 Ohio St.3d 238, 513 N.E.2d 253; Goldfarb v. The RobbReport, Inc. (1995), 101 Ohio App.3d 134, 655 N.E.2d 211; Gaul v.Olympia Fitness Center, Inc. (1993), 88 Ohio App.3d 310,623 N.E.2d 1281; Com-Corp Industries, Inc. v. HH Mach. Tool Co. Of Iowa
(October 31, 1996), Cuyahoga App. No. 69318, unreported; GMSManagement Co., Inc. v. Seminaro (July 22, 1993), Cuyahoga App. No. 63007, unreported. Under the American Rule a prevailing party lacks entitlement to recover attorney fees as part of the cost of litigation absent statutory authorization or an enforceable contract providing therefor. Nottingdale at 34, 514 N.E.2d at 704.
A party seeking to recover attorney fees on a breach of contract claim may do so only if the parties contracted to reimburse the prevailing party for the cost of enforcing the contract terms. Goldfarb. In Goldfarb the parties included the following Cost of Enforcement clause in their contract:
 If either the Franchisor or the Franchisee institutes any action at law or equity against each other to secure or protect any of their interest hereunder or to enforce any of the terms and conditions or the covenants of the Franchise Agreement, the prevailing party shall be entitled, without limitation, to recover such reasonable attorney's fees, court costs and other suit monies as the court may deem reasonable and necessary at both trial and appellate levels.
Goldfarb at 147, 655 N.E.2d at 219. The Goldfarb court found, in the absence of over-reaching or duress, this clause entitled the prevailing party to recover attorney fees and related expenses. Id. at 147, 655 N.E.2d at 220.
The Brzezinskis contend their case is almost identical toGoldfarb in that their contract provided an indemnification clause entitling them, as prevailing parties, to recover attorney fees. To resolve the Brzezinskis' contention we need only examine the contract clause under which their alleged entitlement arises.
The clause on which the Brzezinskis base their claim to recover attorney fees states:
 Builder shall be responsible for the acts, negligence and omissions of all of Builder's employees and agents, and all subcontractors and materialmen, their employees and agents, and all persons performing any of the work to be performed by Builder or supplying materials in connection therewith. Builder agrees to indemnify, defend and hold the owner harmless from and against any and all claims, damages, losses, liabilities and expenses, including attorneys' fees and court costs, directly or indirectly, arising out of, relating to, or resulting from the performance of the Work, except when caused by the negligent act or omission of Owner.
We find the language of this clause broad enough to permit the recovery of attorney fees. We conclude therefore the Brzezinskis are entitled to a hearing on the issue of attorney fees relating to the performance of the contract.
The Brzezinskis also claim a statutory entitlement to recover attorney fees as prevailing party on their CSPA claim pursuant to R.C. 1345.09(F). R.C. 1345.09(F) provides:
 (F) The court may award to the prevailing party a reasonable attorney's fee limited to the work reasonably performed, if either of the following apply:
* * *
 (2) the supplier has knowingly committed an act or practice that violates this chapter.
(Emphasis added.) The General Assembly's use of the word may indicates the award is discretionary, not automatic. Einhorn v.Ford Motor Co. (1990), 48 Ohio St.3d 27, 548 N.E.2d 933; Eckman v.Columbia Oldsmobile, Inc. (1989) 65 Ohio App.3d 719,585 N.E.2d 451; Chegan v. AAA Continental Heating, Air Conditioning,and Bldg. (Nov. 24, 1999), Cuyahoga App. No. 75190, unreported; Lockard v.Kno-Ho-Co Community Action Commission, Inc. (Sep. 20, 1993), Coshocton App. No. 92-CA-21, unreported; Cyrus v. Journey (Mar. 11, 1992) Scioto App. No. 91CA1988, unreported. The decision to grant, allocate, or deny attorney fees rests with the sound discretion of the trial court and an appellate court will not disturb such judgment absent an abuse of discretion. Chegan.
In the instant case, the Brzezinskis argue the trial court abused its discretion by denying attorney fees when the jury verdict specifically provided for such recovery and by failing to state its reasons for the denial. The Brzezinskis correctly stated the jury's finding; consequently, we conclude the trial court abused its discretion in not allowing a hearing on this issue. Accordingly, we sustain the Brezezinskis' first assigned error.
In their second assignment of error, the Brzezinskis argue an entitlement to treble damages as prevailing party under their CSPA claim. Feuerwerker counters that the jury awarded no damages on this claim and points out that zero times three equals zero. However, the Brzezinskis contend the court must treble their actual damages awarded for Feuerwerker's breach of contract because his breach also constituted a violation under the CSPA.
Under the CSPA a consumer has the option of rescind[ing] the transaction or recover[ing] three times the amount of his actual damages or two hundred dollars whichever is greater. R.C. 1345(B). The consumer may collect treble damages only
 where the violation was an act or practice declared to be deceptive or unconscionable by rule adopted under division (B)(2) of section 1345.05 of the Revised Code before the consumer transaction on which the action is based, or an act or practice determined by a court of this state to violate section 1345.02
or 1345.03 of the Revised Code and committed after the decision containing the determination has been made available for public inspection under division (A)(3) of section 1345.05 of the Revised Code * * *.
R.C. 1345.09(B). Consequently, a consumer may recover damages under the provisions of R.C. 1345.09(B) based on actual damages awarded for a breach of contract claim only if the supplier's actions constituted both a breach of contract and a deceptive or unconscionable practice under the CSPA. Lockard v. Kno-Ho-CoCommunity Action Com'n, Inc. (September 20, 1993), Coshocton App. No. 92-CA-21, unreported; Lawson v. Mack (April 19, 1991), Lucas App. No. L-90-230, unreported. The burden of demonstrating the concurrent violation rests with the consumer.
In this case the Brzezinskis claimed Feuerwerker breached the contract in three ways — not completing the contract on time, not performing the work within the contract price, and failing to timely inform them of an unusual condition or feature of the land. The jury returned a general verdict in favor of the Brzezinskis on their CSPA and breach of contract claim. The Brzezinskis failed to submit interrogatories to the jury, thus, this Court has no way of determining whether the jury based its breach of contract verdict on one or more of the alleged breaches.
The Brzezinskis also fail to demonstrate that one or more of the alleged breaches satisfies the criteria for deceptive or unconscionable acts as defined in R.C. 1345.09(B). None of the three alleged breaches constitutes a violation specifically enumerated in either R.C. 1345.02 or R.C. 1345.03. Further, the Brzezinskis failed to provide a court decision, supported by a proof of availability for public inspection, determining any of the three acts alleged to constitute the breach of contract violate section 1345.02 or 1345.03. Therefore, we conclude the Brzezinski failed to demonstrate an entitlement to have their actual contract damages trebled.
However, R.C. 1345.09 sets a statutory minimum damage award for successful claims of $200 (two hundred dollars). In this case, the Brzezinskis established, by jury verdict, Feuerwerker committed a deceptive or unconscionable act in violation of the CSPA. Therefore, we conclude the trial court erred in failing to award the Brzezinskis the statutory minimum damages. Accordingly, this Court finds the Brzezinskis' second assignment of error is well taken.
In their third assignment of error, the Brzezinskis argue the trial court erred when it refused to remove Feuerwerker's prejudgment mechanic's lien on their property. The Brzezinskis contend the court's refusal to remove the lien was improper given the jury ruled against Feuerwerker on all of his counterclaims. Final judgment has now been made as to all claims and counter claims.
The Brzezinskis argue this judgment renders any alleged outstanding balances paid in full under R.C. 1311.011. R.C.1311.011(B)(1) states in pertinent part:
 No original contractor * * * has a lien to secure payment for labor or work performed or materials furnished by the contractor, subcontractor, materialman, or laborer, in connection with a home construction contract between the original contractor and the owner * * * that is the subject of a home purchase contract, if the owner * * * paid the original contractor in full.
A court's judgment on behalf of an owner in a breach of contract dispute where an outstanding balance is claimed by the builder, does constitute paid in full under the statute. UniversalDrywall, Inc. v. Eads (October 6, 1981), Franklin App. No. 81AP-232, unreported. The judgment entry of April 30, 1999, in conjunction with the jury's verdict on Mr. Feuerwerker's counterclaims, constitute a finding that Mr. Feuerwerker has been paid in full. The trial court erred when it failed to remove the mechanic's lien. Accordingly, this Court concludes the Brzezinskis' third assignment of error is well taken.
We now consider Feuerwerker's cross-appeal. In his first and second assignments of error, Mr. Feuerwerker contends the trial court erred in granting a motion in limine excluding the conclusions of Dr. David Tantlinger, an economic expert. He argues the exclusion of Dr. Tantlinger's conclusions violated his rights under the Fifth and Fourteenth amendments rights of the U.S. Constitution, and Article 1, Sections 16 and 19 of the Constitution of the state of Ohio. Feuerwerker also argues the exclusion limited his ability to offer proof in support of his counterclaims. As Feuerwerker's first and second assignments of error have a common basis in law and fact, we address these errors concurrently.
The Fifth Amendment of the U.S. Constitution provides that no person shall be deprived of property without due process of law.Societe International Pour Paricipantions Industrielles, etCommerciales, S.A., etc. v. William P. Rogers, Jr. (1958),357 U.S. 197, paragraph 14 of syllabus. A court must provide a hearing before it executes an order limiting the rights of a party. Id. This constraint is placed on state courts through theFourteenth Amendment. The Constitution for the state of Ohio, Article 1, Sections 16 and 19 place the same restraints on courts.
The grant of a motion in limine for a discovery violation is authorized by Civ.R. 37. Civ.R. 37(B)(2)(b), provides:
 If any party * * * fails to obey an order to provide or permit discovery, * * * the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: * * * An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence.
Civ.R. 37 authorizes the court to make `just' orders in response to violations of the discovery rules or court orders. Laubscherv. Branthoover (1991), 68 Ohio App.3d 375, 381, 588 N.E.2d 290. A court may sanction a party for failing to comply with a discovery order by excluding evidence. Billman v. Hirth (1996), 115 Ohio App.3d 615,620, 685, 685 N.E.2d 1287. However, [t]he exclusion of reliable, probative evidence is a severe sanction and should be invoked only when clearly necessary to enforce a willful noncompliance or to prevent unfair surprise. Id., quoting Nickeyv. Brown (1982), 7 Ohio App.3d 32, 34, 454 N.E.2d 177. A court's determination to impose a discovery sanction will not be reversed on appeal unless the trial abused its discretion. Cunningham v.Garruto (1995), 101 Ohio App.3d 656, 659,656 N.E.2d 392; Fiorini v.Whiston (1993), 92 Ohio App.3d 419, 424, 635 N.E.2d 1311; Fone v.Ford Motor Co. (May 28, 1998), Cuyahoga App. Nos. 73038, 73039, unreported. Upon reviewing the court's application of Civ.R. 37 to this case, we find the court's actions were warranted and carried out in a manner consistent with constitutional mandates.
The trial court allowed both parties to argue the motion inlimine. During these arguments, Feuerwerker's attorney failed to explain why he had disobeyed the trial court's order to go forward with the deposition of Dr. Tantlinger. He further failed to provide a satisfactory explanation as to why he could not have made the supplemental report available prior to trial. Feuerwerker also failed to demonstrate the information contained in the supplement was crucial to his defense. On the other hand, the Brzezinskis demonstrated that admitting a supplemental report, which had not yet been prepared, would constitute surprise and unfair prejudice as they lacked an opportunity to address the issues raised in the supplement and to prepare a response.
This is exactly the type of surprise courts guard against when considering whether to admit subject to a discovery dispute. Wrightv. Structo, Div. Of Eljir Mfg., Inc. (1993), 88 Ohio App.3d 239,623 N.E.2d 694 (appellant's failure to cooperate with discovery by not submitting answers to interrogatories on lost wages for a disability claim, barred the information from being admitted into evidence). The Wright court found the plaintiff's failure to cooperate with the discovery process prevented the defendant from fully preparing their case. Id. at 245, 623 N.E.2d at 694, 699 The court stated [a]ll such evidence is barred because of the prejudicial effect. Id.
In the instant case, the issues addressed by the supplemental report had been in question from the time the defendant filed his cross claim. This was over two years before the trial. To submit information indicating the Brzezinskis owed more money to Feuerwerker than was originally alleged, after trial has commenced, would be extremely prejudicial to the Brzezinskis. Further, as the Brzezinskis' attorney pointed out during the arguments, Loc.R. 21.1 prevents experts from testifying to matters not raised in their reports. It also requires that supplemental reports be filed with the court no later than thirty days prior to a trial. The primary purpose of Loc.R. 21 is to avoid prejudicial surprise resulting from noncompliance with the report requirement. Reese v. EuclidCleaning Contrs., Inc. (1995), 103 Ohio App.3d 141, 147,658 N.E.2d 1096.
Loc.R. 21 gives trial courts the discretion to determine an appropriate sanction. Pang v. Minch (1990), 53 Ohio St.3d 186,194, 559 N.E.2d 1313. Loc.R. 21.1 grants a trial judge discretion to determine whether a party has complied with Loc.R. 21.1 and, in the absence of compliance, to exclude expert testimony. Priebe v. Matthews (August 31, 1995), Cuyahoga App. No. 68275, unreported, 2. Such determinations will not be reversed on appeal absent an abuse of discretion. Pang, Supra.
Feuerwerker did not inform the Brzezinskis that a supplemental report was to be submitted until some time in October, 1997, less than a month before the trial began. The report was not ready until after the trial had commenced. The Brzezinskis were well into presenting their case. Their expert relied on the information given in the original report. Given the amount of time the parties had to prepare for trial, the nature of the case, and the type of information the expert report contained, there is no reason this report could not have been prepared and submitted earlier. The trial court did not abuse its discretion in granting the motion inlimine and excluding the supplement and related testimony. It was a reasonable sanction given the facts of the case.
The constitutional concerns were addressed in the court's actions. The court made its decision based on arguments presented by both parties. It provided Feuerwerker with an opportunity to be heard. His attorney spoke in lengthy discourse regarding why the supplemental report should be admitted. The court found his reasons did not warrant the prejudice admitting the supplement would cause the Brzezinskis. Feuerwerker's constitutional rights were preserved in the proceedings. Accordingly, we overrule Feuerwerker's first and second assigned errors.
In his third assignment of error, Feuerwerker argues the trial court erred in granting the Brzezinskis' motion to strike his counterclaims for fraud, slander of title and intentional infliction of emotional distress. However, Feuerwerker fails to argue this assignment in his appellate brief as required under App.R. 16(A). Instead, Feuerwerker inappropriately attempts to incorporate a thirty three page brief presented to the trial court stating [o]ur position is best stated in our brief in opposition to the motion filed on November 14, 1996, and attached hereto as Appendix IX. The court may disregard an assignment of error presented for review if the party raising it * * * fails to argue its assignment of error separately in its brief as required by App.R. 16(A). App.R. 12(2). Not only has Feuerwerker failed to argue his assignment of error in his appellate brief, he attempts to circumvent Loc.R. 16 limiting briefs to a page length of forty pages without permission of the court. Accordingly, we decline to consider Feuerwerker's third assignment of error.
Judgment affirmed in part, reversed in part and remanded for action by the trial court consistent with this opinion.
This cause is affirmed in part, reversed in part and remanded.
It is ordered that appellant and appellee share the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J., and JAMES D. SWEENEY, J., CONCUR.
 ______________________________ PATRICIA ANN BLACKMON, JUDGE
[1] They filed their receipts on March 27, 1998.