DECISION AND JUDGMENT ENTRY
Randall Dobbins appeals the Chillicothe Municipal Court's entry of summary judgment in favor of Bobb Chevrolet, Inc., and Bobb Chevrolet's insurer, Universal Underwriters Group. Dobbins asserts that the trial court erred in granting summary judgment on a bailment theory, because Bobb Chevrolet and Universal did not assert a claim for bailment in their complaint. Because Bobb Chevrolet and Universal's complaint provided Dobbins with fair notice of the action as required by Civ.R. 8(A), we disagree. Dobbins also asserts that the trial court erred in determining as a matter of law that Dobbins' affirmative defense of comparative negligence was without merit. We disagree, because the evidence, even when construed in Dobbins' favor, reveals that Dobbins' admitted negligence was the sole cause of the injuries that occurred in this case. Finally, Dobbins asserts that the trial court erred in sanctioning him and his counsel by ordering them to pay attorney's fees in an amount that bears no relationship to the reasonable expenses incurred by Bobb Chevrolet and Universal due to Dobbins' failure to provide discovery. Because the record contains evidence supporting the reasonableness of the amount of attorney's fees the trial court awarded and the trial court did not abuse its discretion, we disagree. Accordingly, we affirm the judgment of the trial court.
 I.
Dobbins visited Bobb Chevrolet to look at used pickup trucks. He determined he wanted to purchase a 1995 Chevrolet S10 truck, completed a loan application, provided a copy of his insurance card, and drove the vehicle to his home in Pike County with the understanding that he would return the following day to complete the sales transaction. Dobbins still had possession of the vehicle with the permission of Bobb Chevrolet, but had not yet completed the sales transaction, when he lost control of the vehicle and struck a guardrail off of State Route 12 in Chillicothe. Dobbins was alone in the truck at the time of the accident, and no other individuals were injured.
Bobb Chevrolet filed a claim with its insurance carrier, Universal. Universal determined that the vehicle was a total loss and paid Bobb Chevrolet $4,451, which represents the value of the vehicle minus Bobb Chevrolet's $1,000 deductible. Thereafter, Bobb Chevrolet and Universal (hereafter collectively "Bobb Chevrolet") filed a complaint in the Chillicothe Municipal Court to recover their damages from Dobbins. Dobbins filed an answer in which he admitted that he was driving the vehicle at the time of the accident, but denied any negligence or responsibility for the damage to it.
On December 4, 2000, Bobb Chevrolet served, via certified mail, interrogatories and a request for production of documents upon Dobbins at the office of his attorney, James Boulger. After two months passed and several attempts to contact Boulger failed, Bobb Chevrolet filed a motion to compel discovery. On February 9, 2000, the court granted Bobb Chevrolet's motion and ordered Dobbins to serve answers to interrogatories and a response to the document request within ten days.
Approximately one month later, on March 5, 2000, Dobbins served answers to Bobb Chevrolet's interrogatories. However, Dobbins left several interrogatories unanswered and failed to completely respond to others. Additionally, Dobbins submitted no response to Bobb Chevrolet's request for production of documents. Bobb Chevrolet filed a motion for sanctions. Bobb Chevrolet also filed a request for leave to file a motion for summary judgment, and attached its motion for summary judgment.
At an April 16, 2001 status conference, the trial court granted Bobb Chevrolet leave to file its motion for summary judgment. Additionally, the court scheduled a hearing on Bobb Chevrolet's motion for sanctions for June 6, 2001. Finally, the court accepted Dobbins' admission that he was negligent in the automobile accident, and thus determined that his negligence was no longer an issue before it.
Dobbins filed a motion for leave to amend his answer on May 2, 2001, seeking to include as an affirmative defense an allegation that Bobb Chevrolet was negligent per se in its failure to maintain proof of financial responsibility with regard to Dobbins' operation of the vehicle. Additionally, Dobbins filed a memorandum in opposition to Bobb Chevrolet's motion for summary judgment. Dobbins argued that Bobb Chevrolet impermissibly relied upon a theory of bailment, rather than upon a theory of negligence, in its arguments supporting its motion for summary judgment.
The trial court granted Dobbins leave to amend his answer. However, Bobb Chevrolet did not respond by seeking to supplement its motion for summary judgment in order to address Dobbins' affirmative defense. Instead, Bobb Chevrolet filed a motion to strike, asking the court to reconsider its decision allowing Dobbins to amend his answer. Additionally, Bobb Chevrolet filed a motion to amend its complaint to include allegations that Dobbins and Bobb Chevrolet had a bailment contract.
On June 6, 2001, the court held a hearing on Bobb Chevrolet's motion for sanctions. Bobb Chevrolet presented detailed time sheets and records of postage and copying charges to support its request for attorney's fees. Additionally, Bobb Chevrolet's counsel, Keith Ganther, testified with regard to his hourly rates, the amount of time he spent on the matter, and the reasonableness of both. Bobb Chevrolet also asked that the court sanction Dobbins by prohibiting him from introducing any evidence supporting the defenses set forth in his answer. The court granted Bobb Chevrolet's motion for sanctions, but reduced the amount of attorney's fees requested and declined to prevent Dobbins from presenting evidence. Neither Dobbins nor Boulger attended the hearing.[1]
The trial court declined to strike Dobbins' amended answer, but granted Bobb Chevrolet's motion for summary judgment. The court stated that it based its decision upon Dobbins' admission of negligence and the arguments advanced in Bobb Chevrolet's motion for summary judgment. The court found, as a matter of law, no merit in Dobbins' affirmative defense of comparative negligence. Finally, the court declined to grant Bobb Chevrolet's motion to amend its complaint.
Dobbins appeals, asserting the following assignments of error:
 "I. The trial court erred in granting summary judgment to the plaintiff upon a claim not asserted in the complaint and absent the express or implied consent of the defendant to amendment of the complaint.
 "II. The trial court erred as a matter of law in determining that the defendant did not possess an affirmative defense of comparative negligence to the claim of the plaintiff/vehicle owner based upon the owner's breach of the duty described in R.C. 4509.101(A)(1).
 "III. The trial court erred in entering judgment against defendant and his counsel in an amount ascribed to attorney's fees as a sanction under Rule 37 of the Ohio Rules of Civil Procedure when the amount of the award bore no relationship to the `reasonable expenses' incurred in obtaining the order to compel discovery as authorized under Civil Rule 37(A)(4) and bore no relationship to the `reasonable expenses' caused by a failure to fully comply with a Rule 37 Order to Compel."
 II.
In his first assignment of error, Dobbins asserts that the trial court erred in granting summary judgment to Bobb Chevrolet on a bailment theory when the trial court did not permit Bobb Chevrolet to amend its complaint, Dobbins did not assent to trial on bailment, and the original complaint did not refer to bailment.
Civ.R. 8(A) provides that a complaint must contain "a short and plain statement of the claim showing that the party is entitled to relief * * *." Thus, pursuant to Civ.R. 8(A), "[a] party is not required to plead the legal theory of recovery or the consequences which naturally flow by operation of law from the legal relationship of the parties." IllinoisControls, Inc. v. Langham (1994), 70 Ohio St.3d 512, paragraph six of the syllabus. As long as the complaint provides fair notice of the action, it "need not state with precision all elements that give rise to a legal basis for recovery." Fancher v. Fancher (1982), 8 Ohio App.3d 79, 82;Illinois Controls at 526; Dillon v. Ferris (June 11, 1996), Lawrence App. No. 95CA25. Even if the complaint neither contains allegations on a legal theory nor suggests or intends to advance that theory, the complaint nonetheless is sufficient so long as it "contain[s] allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." Fancher at 82.
A bailment occurs when a person transfers possession, but not ownership, to another. Thomas v. Nationwide Mut. Ins. Co. (1992),79 Ohio App.3d 624, 629. To establish a cause of action under a bailment theory, the bailor must show: (1) that a contract of bailment, express or implied, exists; (2) that the bailee possessed the bailed property; and (3) that the bailee failed to return the property to the bailor undamaged. VanDeventer v. VanDeventer (1999), 132 Ohio App.3d 762.
In this case, Bobb Chevrolet stated in its complaint that Dobbins operated a motor vehicle belonging to Bobb Chevrolet, that Dobbins did so negligently, and that Dobbins' negligence caused damage to Bobb Chevrolet's vehicle. While we agree that Bobb Chevrolet did not mention a contract of bailment in its complaint, we find that the complaint set forth sufficient operative facts to give Dobbins fair notice of the action. Bobb Chevrolet's allegation that Dobbins operated a motor vehicle belonging to it gives rise to an inference that Bobb Chevrolet would present evidence regarding the circumstances of how Dobbins came to be operating its vehicle, specifically, via an extended test drive that implied a contract of bailment. Likewise, Bobb Chevrolet's allegation that Dobbins caused damage to its vehicle gives rise to an inference that Dobbins did not return the vehicle to Bobb Chevrolet undamaged.
Thus, we find that Bobb Chevrolet's complaint alleged sufficient facts to give Dobbins fair notice of the action. To the extent that the trial court considered Bobb Chevrolet's motion for summary judgment based upon a bailment theory, it did not err in doing so. Accordingly, we overrule Dobbins' first assignment of error.
 III.
In his second assignment of error, Dobbins asserts that the trial court erred in determining as a matter of law that he did not possess an affirmative defense of comparative negligence based upon Bobb Chevrolet's alleged failure to comply with R.C. 4509.101(A)(1).
Summary judgment is appropriate only when it has been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(A). See Bostic v. Connor
(1988), 37 Ohio St.3d 144, 146; Morehead v. Conley (1991),75 Ohio App.3d 409, 411. In ruling on a motion for summary judgment, the court must construe the record and all inferences therefrom in the opposing party's favor. Doe v. First United Methodist Church (1994),68 Ohio St.3d 531, 535.
In reviewing whether an entry of summary judgment is appropriate, an appellate court must independently review the record and the inferences that can be drawn from it to determine if the opposing party can possibly prevail. Morehead, 75 Ohio App.3d at 411-12. "Accordingly, we afford no deference to the trial court's decision in answering that legal question." Id. See, also, Schwartz v. Bank-One, Portsmouth, N.A. (1992),84 Ohio App.3d 806, 809.
Dobbins asserts that the trial court erred in finding as a matter of law that R.C. 4509.101(A)(1) cannot serve as a basis for finding that Bobb Chevrolet was negligent per se with respect to its own injuries, and thus does not afford him a comparative negligence defense.
When a statute imposes a specific duty for the protection and safety of others, and an individual's neglect to perform that duty proximately results in injury to another, the individual is negligent per se or as a matter of law. Eisenhuth v. Moneyhon (1954), 161 Ohio St. 367, paragraph two of the syllabus; see, also, Sikora v. Wenzel (2000), 88 Ohio St.3d 493,496. Thus, Bobb Chevrolet was negligent per se pursuant to R.C. 4509.101
only if: (1) the statute sets forth a specific duty, (2) for the safety and protection of others, and (3) Bobb Chevrolet's failure to perform that duty proximately resulted in harm to those whom the statute was designed to protect.
R.C. 4509.101(A)(1) provides:
 "No person shall operate, or permit the operation of, a motor vehicle in this state, unless proof of financial responsibility is maintained continuously throughout the registration period with respect to that vehicle, or, in the case of a driver who is not the owner, with respect to that driver's operation of the vehicle."
In this section, R.C. 4509.101 sets forth the specific and definite requirement that vehicle owners maintain proof of responsibility with regard to the operation of their vehicles. In so doing, R.C. 4509.101(A)(1) serves as a legislative declaration of the standard of care to which a reasonably prudent automobile owner must adhere before allowing another to drive his automobile. Thus, R.C. 4509.101(A)(1) meets the first requirement for serving as the basis of a negligence per se claim.
R.C. 4509.101(J) provides that "[t]he purpose of this section is * * * to minimize those situations in which persons are not compensated for injuries and damages sustained in motor vehicle accidents." Thus, R.C.4509.101 explicitly provides that it exists for the protection of others, and therefore it may serve as the basis for negligence per se liability. Fontaine v. Hairston (Feb. 10, 2000), Franklin App. No. 99AP-625; contra Grange Mut. Casualty Co. v. Martin (Sept. 18, 1990), Tuscarawas App. No. 90AP20011.[2]
In this case, however, we find that Bobb Chevrolet did not proximately cause harm to those whom R.C. 4509.101(A)(1) was designed to protect. In other cases in which Ohio courts have found an automobile dealer to be negligent per se based on R.C. 4509.101(A)(1), the uninsured test driver collided with and injured a third-party. See Fontaine, supra. In this case, no "others" were injured; Dobbins only caused injury to himself and Bobb Chevrolet's vehicle. Moreover, Dobbins admitted that his negligence caused the accident. Thus, Bobb Chevrolet's alleged failure to comply with R.C. 4509.101(A)(1) did not proximately cause injury to a person whom R.C. 4509.101 is designed to protect. Therefore, in this instance R.C. 4509.101(A)(1) does not give rise to negligence per se liability as a matter of law.
Accordingly, we find that the trial court did not err in ruling that Dobbins' comparative negligence defense based upon R.C. 4509.101(A)(1) negligence per se has no merit. Therefore, we overrule Dobbins' second assignment of error.
 IV.
In his third assignment of error, Dobbins and his counsel, attorney James Boulger, assert that the trial court erred in determining the amount of attorney's fees Dobbins and Boulger must pay to Bobb Chevrolet as a sanction for their discovery misconduct. Specifically, Dobbins asserts that the amount the trial court awarded bears no relationship to the reasonable expenses that Bobb Chevrolet incurred in order to obtain an order to compel and as a result of Dobbins' and Boulger's continued failure to fully comply with their discovery obligations in the face of that order to compel.
The Ohio Supreme Court describes our standard of review for discovery sanction rulings as follows:
"The discovery rules give the trial court great latitude in crafting sanctions to fit discovery abuses. A reviewing court's responsibility is merely to review these rulings for an abuse of discretion. `"The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations."' * * * In order to have an abuse of that choice, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias." (Citations omitted.) Nakoff v. Fairview Gen. Hosp. (1996),75 Ohio St.3d 254, 256; Tracy v. Merrell Dow Pharmaceuticals, Inc. (1991), 58 Ohio St.3d 147, 152; Wright v. Structo, Div. of Eljir Mfg.,Inc. (1993), 88 Ohio App.3d 239, 244.
Pursuant to Civ.R. 37(A)(2), when a party fails to answer an interrogatory or produce documents in accordance with the rules of discovery, the discovering party may request an order to compel discovery. If the court grants the motion, "the court shall * * * require the party * * * or attorney advising such conduct or both of them to pay the moving party the reasonable expenses in obtaining the order, including attorney's fees, unless the court finds that the * * * circumstances make an award of expenses unjust." (Emphasis added.) Civ.R. 37(A)(4).
Likewise, pursuant to Civ.R. 37(D), if a party fails to respond, either with answers, production of documents, or objections, to interrogatories or document requests, "the court shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award unjust." (Emphasis added.)
In this case, Dobbins and Boulger do not contest the trial court's decision to levy sanctions against them; they contest only the amount the court awarded to Bobb Chevrolet. Dobbins and Boulger contend that the record contains no evidence that their discovery misconduct cost Bobb Chevrolet $3,177.56. However, our review of the record reveals that the trial court heard testimony and viewed exhibits supporting the award amount. In fact, upon reviewing the testimony and the exhibits, the trial court declined to award Bobb Chevrolet the full amount it requested by determining that the attorney billed too many hours for his preparation for the hearing on the motion for sanctions. Thus, it appears from the record that the trial court fully and fairly reviewed the evidence before it with regard to the attorney's fees and costs properly attributable to Dobbins' and Boulger's discovery misconduct. We cannot say that the trial court abused its discretion in ordering Dobbins and Boulger to pay $3,177.56 to Bobb Chevrolet.
Accordingly, we overrule Dobbins' third assignment of error.
 V.
In conculsion, we overrule each of Dobbins' assignments of error. Accordingly, we affirm both the trial court's entry of summary judgment in favor of Bobb Chevrolet and the award of attorney's fees to Bobb Chevrolet.
JUDGMENT AFFIRMED.
[1] Boulger filed a motion to continue ninety minutes prior to the scheduled hearing because he was scheduled for trial in another court. Because Boulger had over a month's notice of the hearing and ample notice of the conflict, and because Ganther had traveled four hours to attend the hearing, the trial court denied the continuance.
[2] The Grange court determined that a violation of R.C. 4509.101(A) does not give rise to a cause of action in a civil matter because the General Assembly provided for "reasonable civil penalties" such as suspension or impoundment of the violator's license. The Fontaine court disagreed, holding that "[s]imply because the legislature has set forth penalties for violation of R.C. 4509.101(A)(2) does not mean a person could not be found negligent per se and subsequently liable for any damages arising out of a violation of R.C. 4509.101(A)(1)." We agree with the Fontaine court and note that negligence liability does not constitute a penalty, but rather an obligation arising from a breach of duty.