38

WARD, APPELLEE, *v.* HESTER; CONTINENTAL CASUALTY CO., APPELLANT.

(No. 73-11—Decided November 14, 1973.)

*Messrs. Navarre, Rizor & DaPore* and *Mr. Joseph C. DaPore,* for appellee.

*Messrs. McNeal, Schick, Archibald & Carlson* and *Mr. Harley J. McNeal,* for appellant.

WILLIAM B. BROWN, J. The question presented in this case is whether the imposition of sanctions, as provided by Civ. R. 37, preventing the defendant Continental from introducing evidence regarding agency and scope of employment at trial, was within the court's discretion.

This case involves the construction of Civ. R. 37(B), effective July 1, 1970, which, in pertinent part, provides:

"(1) If a deponent fails to be sworn or to answer a question after being directed to do so by the court, the failure may be considered a contempt of that court.

"(2) If any party or an officer * * * fails to obey an order to provide or permit discovery, including an order made under subdivision (A) of this rule and Rule 35, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

"(a) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

"(b) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;

"(c) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

"(d) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;

"(e) Where a party has failed to comply with an order

under Rule 35(A) requiring him to produce another for examination, such orders as are listed in subsections (a), (b), and (c) of this subdivision, unless the party failing to comply shows that he is unable to produce such person for examination.

"In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court expressly finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."

Subsections (a) through (e) list the sanctions or combinations of sanctions available against a party that fails to obey the court's order. The plaintiff herein satisfied the condition precedent to seeking the sanction, *i. e.*, he obtained a court order compelling discovery pursuant to 37(A). When Continental chose to disregard the court's order, he sought one of the alternate sanctions provided for failure to obey the order in Civ. R. 37(B) (2) (b)—refusal to allow evidence to be introduced upon a specific issue.

The subject matter of the sanction was related to the issues involved in the documents sought by discovery. The documents sought dealt with the relationship between Hester and Continental. Even though those documents related only to the issue of *agency,* the issue of *scope of employment* is sufficiently akin that the court's establishment of these two issues at trial was appropriate. The court thereby ruled specifically according to the provisions of Civ. R. 37(B) (2) (b).

Continental does not contend that the sanction imposed by the court was unauthorized by the rule. Rather, it claims that, under the circumstances, the specific sanction imposed was too harsh, and that another less severe sanction should have been imposed such as assessment of expenses. Continental contends that, absent a showing that its failure to produce was willful, the court abused its discretion by not first using a less severe sanction.

This section of the rule, which authorizes the imposi-

tion of sanctions, has not been construed by this court. However, F. R. C. P. 37 (b), which deals with sanctions, is virtually identical to the Ohio rule. This section has been construed in *Societe Internationale Pour Participations Industrieles et Commerciales* v. *Rogers* (1958), 357 U. S. 197. There, a Swiss holding company sued the United States Attorney General under the Trading with the Enemy Act for the return of property seized during World War II. When the company refused to produce records sought by the government on the basis that the production would violate Swiss penal laws and that an order prohibiting the production had been made by the Swiss federal attorney, the district court imposed a F. R. C. P. 37 sanction, dismissing the complaint with prejudice. The Supreme Court, at page 212 in its opinion, held that the imposition of a sanction, of such harsh consequences as the dismissal of the suit, could not be justified "* * * when it has been established that failure to comply has been due to inability, and not to willfulness, bad faith, or any fault of petitioner." The court felt that the company's ready production of over 190,000 records and the threat of the penal order hanging like the sword of Damocles over its head were indications that the failure was not due to bad faith or willfulness.

The Supreme Court, in that case, concluded, first, that a sanction, of the degree of severity as dismissal, could not be justified when the failure was the result of the party's inability and not willfulness or bad faith. It should be noted that the sanction in the instant case was of a lesser degree of severity than a dismissal. Secondly, the court's conclusion was based upon a comparative rule summarized in 4A Moore's Federal Practice, 37-56, paragraph 37.03 [2.-1], as:

"* * * the *Rogers* court laid particular emphasis upon the level of contumacy as a determinant of the harshness of the sanction. It stated unequivocally that no wilfulness is necessary to bring Rule 37 (b) into play. But it added that wilfulness is a necessary ingredient in a decision to dismiss the case for failure to produce. * * *"

The record in the instant case does not indicate that Continental's failure to comply was due to inability. Rather, the record indicates willfulness and bad faith on the part of Continental.

The request for production of documents was filed on November 17, 1970. The record does not indicate any response by Continental until March 5, 1971, three and one-half months later, when it filed a petition for rehearing. This was only one month before the date set for the commencement of the trial. There is no record of any response to plaintiff's request for discovery, of the court's order to compel discovery, or of plaintiff's motion to impose sanctions. Nor does the record contain a request for an extension of time, a motion for protective orders, or any of the other procedures provided in the Civil Rules to avoid disclosure. Even when Continental finally responded, it gave no excuse, such as physical disability or the unavailability of all the requested documents, from which one could conclude the failure was not willful.

This behavior of Continental would seem to indicate the failure to produce was willful and done in bad faith. In such a case the contumacy of Continental reached the level that could justify a severe sanction. We hold, accordingly, that under the circumstances the trial court did not abuse its discretion in choosing to impose the sanction of the establishment of agency and scope of employment at trial.

Continental's activity here is akin to that in *Bollard* v. *Volkswagen of America* (W. D. Missouri, 1971), 56 F. R. D. 569, 584, where the court, in entering a default judgment against defendant on the issue of liability, said:

''In the case at bar, the failure to make timely discovery was intentional. Without objecting or seeking protective orders or extensions of time, defendant VWoA sought to have discovery completed only on its own time schedule and totally frustrated with respect to certain crucial items. This finally impeded trial on the merits and made it impossible to discern the merits of the defenses and

for plaintiff to support her complaint with proof of certain issues."

Appellate courts have reversed the imposition of severe sanctions, such as dismissal or default judgment, in cases where the record indicated that the failure to produce was not due to "willfulness, bad faith, or any fault of petitioner." In *Gill* v. *Stolow* (C. A. 2, 1957), 240 F. 2d 669, 672, the court concluded "that the record, however belatedly, did show bona fide ill health and a real attempt to comply with the court's order thereafter." Where a review of the entire record in *Dorsey* v. *Academy Moving & Storage* (C. A. 5, 1970), 423 F. 2d 858, indicated that the failure to supply information was neither willful nor done in bad faith, but was due to a combination of illness and an airline strike, the court did not uphold the imposition of the sanction. The record in the instant case evidences no such mitigating circumstances.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE and P. BROWN, JJ., concur.