CONTEX, INC., APPELLEE, *v.* TOPPER, APPELLANT; CONSOLIDATED TECHNOLOGIES, INC. ET AL.

(No. C-870336—Decided April 27, 1988.)

*Steer, Strauss, White & Tobias* and *R. Guy Taft,* for appellee.

*Lindhorst & Dreidame, Leo J. Breslin* and *Mark A. McDonald,* for appellant.

*Per Curiam.* The issue in this appeal is whether the trial court abused its discretion by imposing sanctions upon defendant-appellant Steven D. Topper for his failure to comply with an order to produce certain discovery. Finding no abuse of discretion, we affirm.

Plaintiff-appellee ConTex, Inc. brought this action against several of its former executives,[1] including appellant Topper, and against Consolidated Technologies, Inc., a corporation formed by one of the defendants. ConTex alleged a conspiracy among the defendants to engage in unfair competition, deceptive trade practices and fraud.

After the issuance of a temporary restraining order and other preliminary proceedings, the defendants filed a notice of removal of the action to federal court. The district court judge found that there was no basis for the attempted removal and remanded the case to the court of common pleas. Defendants filed various counterclaims against ConTex and on March 21, 1986, ConTex filed a set of four interrogatories addressing the counterclaims and possible defenses. In May 1986, the court permitted defendants to obtain new counsel and granted a continuance of the trial date until October 20.

No answers to ConTex's interrogatories having been produced, the court entered an order as of June 2 stating that if the answers were not provided within thirty days:

"[S]anctions will be imposed, including monetary penalties, possibly, and possible dismissal of counterclaims, or the Court may not allow those who do not cooperate to testify in those areas regarding, or in those areas where they have failed to make discovery, or other sanctions may be imposed pursuant to the Rules of Civil Procedure."

In the ensuing three months, the other defendants provided only partial interrogatory answers, and appellant Topper provided no responses at all. Thus, on September 8, ConTex filed a motion for sanctions against all defendants, which was set for hearing on September 25. The record establishes that Topper was provided notice of the motion and of the time and date of the hearing.

On September 17, the attorney representing all defendants was permitted to withdraw as counsel for Topper, and the court ordered Topper to provide notice of his new trial attorney at or before the hearing on the motion for sanctions. Neither Topper nor any attorney representing him appeared at the hearing on sanctions. After all the evidence was presented at the hearing, the court stated:

"These defendants from the beginning have shown a complete indifference to the Court orders in this case, disdain for this Court's authority, and have shown a zealous spirit of absolute uncooperativeness in order to delay these proceedings to their benefit. Therefore, all sanctions requested will be granted."

The sanctions included dismissing defendants' counterclaims and prohibiting them from testifying in the defense of the case, from presenting witnesses and from referring to any

---

[1] Nathaniel J. ("Ned") Kuller, Craig S. Merton, Timothy Slane and John F. Snyder.

documents unless first referred to by ConTex. The court again ordered that certain of the interrogatory answers be produced; while the other defendants responded, Topper never produced a single answer.

Following the five-day trial, the jury returned a verdict against Topper and another defendant for $6,000,000 (later reduced to $5,000,000) in compensatory damages and $500,000 each in punitive damages. Topper's motion for a new trial was overruled.

On appeal, Topper's single assignment of error is that the trial court abused its discretion by granting the motion for sanctions. We do not agree, because we believe that the sanctions were reasonable and necessary under the circumstances of this case. The record reveals that the requested discovery was not cumbersome or extensive. Topper was provided ample time and opportunity to respond to the interrogatories, and was specifically warned that violation of the court's order would lead to the sanctions ultimately imposed. He never offered any reason either for his failure to appear at the hearing on sanctions or for his failure to produce the requested discovery. In view of such obviously willful noncompliance with court orders, we believe the trial court acted within its discretion when it imposed the challenged sanctions. See *Ward* v. *Hester* (1973), 36 Ohio St. 2d 38, 61 O.O. 2d 124, 303 N.E. 2d 861, certiorari denied *sub nom. Continental Cas. Co.* v. *Ward* (1974), 415 U.S. 984; Civ. R. 37(B) and (D).

The single assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

HILDEBRANDT, P.J., SHANNON and UTZ, JJ., concur.