**BARROW et al., Appellants,**

**v.**

**MINER et al., Appellees.**

[Cite as *Barrow v. Miner,* 190 Ohio App.3d 305, 2010-Ohio-5022.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–09–1227.

Decided Oct. 15, 2010.

306

Richard M. Kerger and Khary L. Hanible, for appellants.

David P. Strup, Brad F. Hubbell, and Sarah K. Skow, for appellees.

-------

HANDWORK, Judge.

{¶ 1} This appeal is from the August 11, 2009 judgment of the Lucas County Court of Common Pleas, which reiterated the court's prior judgments dismissing with prejudice the complaint filed by appellants and others; granting a default judgment on appellees' counterclaims; and awarding damages, costs, and sanctions to appellees. Upon consideration of the assignments of error, we affirm the decision of the lower court. Appellants assert the following single assignment of error on appeal:

{¶ 2} "The trial court abused its discretion in striking plaintiffs' complaint and their answers to counterclaims, and then granting judgment to defendants on their counterclaims, all as a sanction for spoliation of evidence when the Court failed to recognize that all relevant documents had been produced, there was no evidence of an intent to defeat defendants' ability to protect themselves and there was no proof of any harm to defendants."

{¶ 3} On August 2, 2006, appellants, Craig S. Barrow and Bristol Alliance, L.L.C., along with other plaintiffs who are not parties to this appeal, brought suit against appellees, James Miner, Thomas Hamway, Mark Ralston, Kent Bishop, Dancewear Holdings, L.L.C., and LaValley, LaValley, Todak & Schaefer Co., L.P.A. Appellants asserted that they are stockholders of Dancewear.com, Ltd. Appellees Miner, Hamway, Ralston, and Bishop are members of the board of directors of that company and were also stockholders. Dancewear Holdings, L.L.C., is a company with an interest in Dancewear.com, Ltd.

{¶ 4} Appellants and other plaintiffs brought suit to recover losses based on a breach of fiduciary duty, wrongful termination, and indemnification with respect to their investment in Dancewear.com, Ltd. Appellees denied the allegations of the complaint and asserted counterclaims against appellants for breach of fiduciary duty, fraud, negligent misrepresentation, and securities law violations.

{¶ 5} In their interrogatories and requests for production served upon appellants on December 1, 2006, appellees sought to inspect and copy Barrow's Apple Notebook computer and other computers containing any data related to Dancewear.com, Ltd., and this litigation. Barrow responded that he would provide this information but that other personal information irrelevant to the litigation would not be produced. Appellees contended that his response was vague and moved the court to compel discovery. Appellees also sought to recover Barrow's American Express credit-card statements and mobile-phone records, but he again

refused to produce the records and instead offered only his expense reports. On August 15, 2007, the court ordered appellants to produce the credit-card and phone records, which Barrow did in part, but not to the satisfaction of appellees. The court also ordered that appellees would retain the services of a forensic computer expert to obtain a copy of the server and hard drive of Barrow's computers used during the relevant time period and that the parties would reach an agreement as to a protective order for any privileged information obtained.

{¶ 6} On October 23, 2007, appellees sought sanctions against Barrow for failure to comply with the court's order to produce the computer records and the original copies of his credit-card statement and phone records. Appellees sought recovery of their expenses related to discovery, including attorney fees, and dismissal of the complaint as a sanction. It was not until December 15, 2007, that the court ordered appellants to produce the computer and not until January 15, 2008, that appellees' forensic expert was given access to the computer.

{¶ 7} On May 8, 2008, appellees sought a sanction of dismissal of the complaint and default judgment on the counterclaims for repeated delays, failure to provide discovery responses, and willful destruction of discoverable evidence.

{¶ 8} At a hearing on the issue of sanctions, a certified forensic computer examiner testified that he had examined Barrow's computer to determine how the computer was being used, highlighting data that contained key words relative to the case, and had checked the integrity of the machine. The examiner concluded that over 600 e-mails were missing. His company was reluctant to access these e-mails because he believed that they might contain contraband; but he could have determined what e-mails were missing for an additional charge of $1,500 to $2,000. The expert also discovered some potential contraband on the computer, which required him to remove it from the expert's computer system, create a sterile test environment, and then cleanse all of his systems afterward. This special procedure doubled the cost of evaluating the computer, for a total cost of $16,500.

{¶ 9} The examiner discovered that several processes that are designed to destroy information were run throughout the life of the computer. These processes (updating permissions, running an unregistered Shred It program, and running a disk utility program) require affirmative action to be completed and cannot happen automatically. The Shred It program was last accessed on May 13, 2007, and it destroyed the properties of the files. A few months later, the disk utility function was run. The combination of these processes resulted in certain files being permanently destroyed—the permissions as well as the data itself. Altering the permissions prevented the examiner from determining the last time a program was run, the last time a file was accessed, and the last time files were modified. The Shred It program records only the last time it was

activated (May 13, 2007, in this case) and the targeted information or last file destroyed (in this case, a file that included the name "Bristol"). The examiner testified that to a reasonable degree of certainty, data that was recoverable on August 2, 2006 (the date the complaint was filed) and August 15, 2007 (the date the court ordered production of the computer) was no longer recoverable on January 15, 2008. The examiner could not determine whether any of the destroyed material had anything to do with the lawsuit. Furthermore, he could not determine which of the four people who had access to this computer caused the destruction of the files.

{¶ 10} Barrow testified that he had helped to found Dancewear.com, Ltd. Prior to that, he had worked for 20 years in the computer industry. He testified that when he was working for Dancewear.com, Ltd., he submitted expense reports and attached the credit-card statements to the reports. Therefore, the company has all of the records from January through July 2005. When he received a request to produce the credit-card reports, he went on line to the website of the credit-card company, downloaded the dates requested, and submitted the information to appellees in a spreadsheet format. Barrow denied deleting any information and offered to download it in chambers if necessary. Likewise, with regard to the telephone records, he does not keep paper records and used the on-line system to gather information requested by appellees.

{¶ 11} Furthermore, Barrow testified that his computer was a family computer and he used it to store information about his various business ventures. He testified that he had joined Bristol Alliance, a group of consultants that joined together in 2005. He later became a consultant for Paper Free Medical Systems from June 2006 until August 2006, and he was then hired as the chief financial officer. He worked for the company until January 2008. His job involved filing documents with the Securities and Exchange Commission. He was directed by the company to expunge all versions of the reports he was preparing so that only the current information would be retained. To do this, he downloaded the Shred It program and tested it on several paper-free programs. He never registered the product, because he later determined that he did not want to pay for the program out of his own pocket. Appellant denied ever deleting any files related to Dancewear.com, Ltd., or the litigation after appellees served him with notice that they sought information on the computer. However, he admitted on cross-examination that after he filed his complaint and after the August 15, 2007 order, data was deleted in the normal course of using the computer.

{¶ 12} Following a hearing on the motion, the trial court granted appellees' motion for sanctions on October 10, 2008. The court found that Barrow had admitted deleting information contained on the computer. Furthermore, the trial court concluded that Barrow had failed to demonstrate that there was "no

reasonable possibility that the lack of access to the destroyed documents deprived [appellees] of favorable evidence not otherwise obtainable." Finally, the court found that Barrow had acted in bad faith, evidenced by the fact that the last file targeted for destruction was named "Bristol," and Bristol Alliance was a party to this lawsuit. Therefore, the trial court granted appellees' motion to dismiss the action as to all the plaintiffs and ordered appellants to pay the costs and fees related to this action, including the cost of the forensic expert. The court also entered a default judgment on appellees' counterclaims. The case then proceeded to a jury trial on April 21, 2009, on the issue of damages arising out of the counterclaims.

{¶ 13} Appellees argue that this court lacks jurisdiction to determine this appeal because appellants did not file a notice of appeal from the judgment dismissing their complaint. We find that this argument lacks merit. While App.R. 3(D) provides that appellant must include in the notice of appeal reference to the order from which the appeal is taken, appellant need not refer to every interlocutory order he wishes to challenge. Interlocutory orders are merged into the final judgment and can be appealed as part of the final judgment. *Accu-Check Instrument Serv., Inc. v. Sunbelt Business Advisors of Cent. Ohio,* 10th Dist. Nos. 09AP–505 and 09AP–506, 2009-Ohio-6849, 2009 WL 5064061, ¶ 23; *Aber v. Vilamoura, Inc.,* 184 Ohio App.3d 658, 2009–Ohio–3364, 922 N.E.2d 236, ¶ 7; and *Kanu v. George Dev., Inc.,* 6th Dist. Nos. L–02–1140 and L–02–1139, 2002-Ohio-6356, 2002 WL 31630745, ¶ 21. The dismissal of the complaint with prejudice in this case could have been a final judgment if the trial court had included Civ.R. 54(B) "no just reason for delay" language. *Noble v. Colwell* (1989), 44 Ohio St.3d 92, 95, 540 N.E.2d 1381, and *Dingus v. Myers* (May 28, 1981), 8th Dist. No. 43185, 1981 WL 4986. Without that language, the order remained an interlocutory order until the final judgment was entered. Therefore, appellant did not need to separately refer to the judgment dismissing his complaint in his notice of appeal.

{¶ 14} In their sole assignment of error, appellants argue that the trial court abused its discretion when it dismissed their complaint and granted judgment in favor of appellees on their counterclaims as a sanction for spoliation of evidence when there was no evidence to establish that Barrow intended to or did cause harm to appellees. Barrow acknowledges that he did delete information from the computer, but he also argues that none of the information related to this litigation. Furthermore, he argues that he never used the Shred It program because he had never registered it, that he examined the computer data and produced all of the records requested by appellees, and that the Civil Rules require only that a party turn over all relevant data requested, not that the party

provide access to all of their own files and information so that the opposing party can search for what it believes to be relevant information.

{¶ 15} Furthermore, the computer was not impounded, and appellees knew that this computer was used daily by the family.

{¶ 16} Appellees argue that they did not carry the burden to preserve the evidence in this case and did not run any of the programs that resulted in the loss of data while appellants resisted turning it over. More important, Barrow, as an attorney and someone who has worked in the computer field, knew that he had a duty to preserve the evidence and knew what the duty involved in connection with computer data. Furthermore, the information that was contained on the computer that did not directly relate to Dancewear.com, Ltd., would still be relevant to this lawsuit, because it would disclose whether Barrow was working on something other than Dancewear.com, Ltd., business while he was supposedly working for the company.

{¶ 17} We find that appellants' arguments lack merit. Appellees specifically identified the information they sought to have Barrow produce in this case, i.e., the electronic information contained on Barrow's computer. Therefore, Barrow's review of the computer and production of the file material he felt they needed for their litigation did not satisfy their request. Appellees sought not only documents, but access to the computer's operation data itself, which was compromised after their request. This case is not akin to having access to a company's entire record room to fish for relevant information.

{¶ 18} Second, we find that appellants have failed to demonstrate that the trial court abused its discretion by imposing such a harsh sanction. Civ.R. 37(B)(2) provides various sanctions for a failure to comply with discovery, including the harshest sanction of dismissal of the action. Civ.R. 37(B)(2)(c). The determination of which sanction to impose is a matter left to the sound discretion of the trial court and will not be reversed on appeal unless the trial court abused its discretion. *Quonset Hut, Inc. v. Ford Motor Co.* (1997), 80 Ohio St.3d 46, 684 N.E.2d 319. An abuse of discretion connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Id. and *Tracy v. Merrell Dow Pharmaceuticals* (1991), 58 Ohio St.3d 147, 152, 569 N.E.2d 875. However, because dismissal of the action is such a harsh sanction, it should be imposed only when the failure to comply with discovery orders is due to willfulness or bad faith. *Ward v. Hester* (1973), 36 Ohio St.2d 38, 65 O.O.2d 181, 303 N.E.2d 861, syllabus, certiorari denied, *Continental Cas. Co. v. Ward* (1974), 415 U.S. 984, 94 S.Ct. 1577, 39 L.Ed.2d 881; *Quonset Hut, Inc.*; and *Ohio Bar Liab. Ins. Co. v. Silverman*, 10th Dist. No. 05AP–923, 2006-Ohio-3016, 2006 WL 1645022, ¶ 15.

{¶ 19} Under the circumstances of this case, it is difficult to conclude that Barrow's failure to provide the requested discovery was due to anything other than his willfulness, bad faith, or fault. Key to this case are the facts that appellants filed suit on August 2, 2006, appellees requested production of his computer on December 1, 2006, and on May 13, 2007, Barrow accessed the Shred It program for the last time and deleted information from his computer. A few months later, he ran the disk utilities program to make that information unrecoverable. Appellants then delayed the discovery of the computer and the missing data until January 2008, after they were finally compelled to comply with the production request on December 17, 2007. Sometime prior to producing the computer in January 2008, Barrow had used the Shred It program to overwrite data and the disk utilities program to destroy files, and he had altered permissions to change the "last accessed dates." While Barrow testified that the computer was in normal use by him and his family and that he did not delete anything relevant to the litigation, there is no way for the trial court to determine whether or not the information was relevant. There were procedures available to Barrow by which he could have protected privileged information. As an attorney, Barrow knew that he had an obligation to preserve potential evidence and, as a plaintiff with considerable computer experience, he knew the significance of destroying permissions and files and making deleted information unrecoverable. The trial court obviously did not find Barrow's testimony credible when he testified that he did not delete any relevant evidence from his computer.

{¶ 20} Therefore, we find that appellants have failed to demonstrate that the trial court abused its discretion by imposing the sanctions that it did. Appellants' sole assignment of error is found not well taken.

{¶ 21} Having found that the trial court did not commit error prejudicial to appellants and that substantial justice has been done, we affirm the judgment of the Lucas County Court of Common Pleas. Appellants are hereby ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

PIETRYKOWSKI and COSME, JJ., concur.