[Cite as *Foley v. Nussbaum*, 2011-Ohio-6701.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

MARTIN FOLEY                             :

    Plaintiff-Appellant              :          C.A. CASE NO. 24572

v.                                       :          T.C. NO.    08CV9226

JOEL A. NUSSBAUM                         :          (Civil appeal from
                                                    Common Pleas Court)
    Defendant-Appellee           :

                                         :

. . . . . . . . . .

**O P I N I O N**

Rendered on the   23rd   day of    December   , 2011.

. . . . . . . . . .

VLAD SIGALOV, Atty. Reg. No. 0070625, 3515 Springdale Road, Cincinnati, Ohio 45251
    Attorney for Plaintiff-Appellant

STEPHEN M. YEAGER, Atty. Reg. No. 0011841, 205 W. Fourth Street, Suite 1280, Cincinnati, Ohio 45202
    Attorney for Defendant-Appellee

. . . . . . . . . .

FROELICH, J.

{¶ 1}   Martin Foley appeals from a judgment of the Montgomery County Court of Common Pleas, which dismissed with prejudice his complaint for personal injuries due to his failure to comply with discovery orders.

{¶ 2}   On January 20, 2005, a vehicle driven by Joel Nussbaum struck a

vehicle in which Foley was a passenger on Interstate 70 in Montgomery County, Ohio.

{¶ 3} In January 2007, Foley filed a complaint for damages for personal injuries suffered in the accident. Montgomery C.P. Case. No. 2007 CV 483. However, Foley never served Nussbaum with the complaint. In November 2007, after notice to Foley, the court dismissed Foley's complaint without prejudice pursuant to Civ.R. 41(B)(1).

{¶ 4} Foley refiled his complaint in October 2008, and Nussbaum was properly served.[1] Nussbaum filed an answer and, on the same day, filed interrogatories and a request for production of documents.

{¶ 5} On January 15, 2009, Foley responded with hand-written answers to the interrogatories; in several respects, particularly related to his medical treatment and the amount of damages, Foley's only response to the interrogatories was that he "will supplement." The interrogatories also indicated that Liberty Mutual Insurance had paid his medical bills. Foley did not supplement his responses.

{¶ 6} In March 2009, Nussbaum filed a motion to compel discovery pursuant to Civ.R. 37. According to the affidavit attached to Nussbaum's motion to compel, Foley had not responded to Nussbaum's discovery request in the months since the requests were made, despite several attempts by Nussbaum's attorney to communicate with Foley's attorney. The affidavit also stated that, at a scheduling

---

[1]During the course of these proceedings, Nussbaum also filed a third-party complaint naming Foley's employer and the driver of the vehicle in which Foley had been a passenger. Liberty Insurance Corp., which paid Foley's workers' compensation benefits, was permitted to intervene. These claims are not relevant to this appeal.

conference on February 25, 2009, Foley's attorney represented to the court that he had received his client's answers to the discovery requests, but acknowledged that this information still had not been provided to Nussbaum's attorney. The trial court did not rule on this motion.

{¶ 7} In October 2009, Nussbaum filed a second motion to compel discovery; he also requested that he be paid for the expenses he incurred in the filing of the motion. Foley opposed the motion on the basis that he had signed authorizations for Nussbaum to obtain his medical records and had sent all medical records that were in his possession to Nussbaum. Nussbaum responded that, although he had received some release authorizations, "the set of medical records finally produced, albeit untimely, [was] nowhere near the entirety of the alleged medical treatment that [Foley was] claiming in the subject motor vehicle accident." The trial court overruled the motion to compel "at this time" because, by providing releases, Foley "authorized [Nussbaum] to secure the required documents upon [his] own initiative."

{¶ 8} The trial court referred the case for mediation, which was unsuccessful, and the case was returned to the court. The trial court set January 15, 2010, as the deadline for trial materials exchange and scheduled the trial for February 9, 2010.

{¶ 9} On January 15, 2010, Nussbaum filed his designation of trial materials. One week later, Nussbaum filed a motion in limine seeking to exclude any such materials filed thereafter by Foley, because he (Foley) had missed the deadline.

{¶ 10} The trial court conducted a pre-trial conference in January 2010, at which Nussbaum reiterated his discovery demands and his claim that Foley had not produced discovery. The court observed that "counsel for [Foley] did not deny the lack of production but indicated that some of the difficulty is that the government has not produced the required billing and payment information." The trial court ordered that, "if [Foley] anticipates that [he] will be unable to provide the medical billing information, then [he] shall join as parties those subrogated interests on or before February 19, 2010 by filing an amended complaint, leave for which is hereby granted." The court's entry further stated that "[f]ailure to produce the above listed discovery material may subject [Foley] to sanctions, up to and including dismissal of [his] claims."

{¶ 11} On February 10, 2010, the trial court vacated the trial date and set a scheduling conference for March 23, 2010; the conference was later rescheduled for April 23, 2010. At the pre-trial conference on April 23, Nussbaum made an oral motion to dismiss the case because of Foley's continued failure to provide discovery. The trial court orally granted the motion. No documents journalizing either the motion or the trial court's decision were filed at the time.

{¶ 12} In early May, Foley filed a motion requesting that the trial court reconsider its decision to dismiss the case, noting that Foley "was not in a position to 41A Plaintiff Martin Foley's case as it had been voluntarily dismissed once before."[2],[3] The trial court overruled this motion. In its decision, the court

---

[2]Civ.R. 41(A) sets forth the circumstances under which a plaintiff may voluntarily dismiss a complaint, and provides that, if a case has been voluntarily dismissed previously, a subsequent notice of dismissal generally "operates as an adjudication upon the merits."

acknowledged that "[a]pparently the matter has been overlooked and verbal rulings of the Court's orders have not been made of record. Accordingly, by this Entry and Order the Court confirms stated rulings, ***." The court recounted the prior dismissal for failure to prosecute, the multiple motions to compel discovery, and Foley's repeated assurances that discovery would be forthcoming. The court also noted that, when the deadline for trial materials passed, Foley still did not "deny the lack of production," but blamed difficulty he had in working with the government.[4] The trial court noted that it had warned Foley that failure to comply with the discovery order could lead to sanctions, including dismissal, and still, Foley did not provide the materials.

{¶ 13} In overruling Foley's motion for reconsideration, the court further stated: "In his Motion, [Foley] asserts that he provided all the information he had to the defense on or about January 6, 2010. This is not consistent with [Foley's] counsel's acknowledgment during the Final Pretrial Conference *** that [Foley] failed to produce trial materials and requested discovery. Moreover, counsel does not provide any explanation why there was no compliance whatsoever with the verbal order of production made during the Final Pretrial Conference or the February 10, 2010 Court Order. Accordingly, [Foley's] Motion for reconsideration is OVERRULED and [his] claims are dismissed."

---

[3]Although Foley characterized the resolution of the prior case as a voluntary dismissal, the trial court actually dismissed the case on its own initiative for want of prosecution when Foley failed to respond to a show cause order.

[4]It appears from the record that some or all of Foley's medical bills were paid through a workers' compensation claim. Liberty Insurance Company was the workers' compensation carrier for Foley's employer, and it eventually intervened in this case. It is unclear what medical records "the government" held.

{¶ 14} Foley raises two assignments of error on appeal from the trial court's dismissal of his claim and denial of his motion to reconsider.

{¶ 15} "THE TRIAL COURT ERRED, AS A MATTER OF LAW, BY DISMISSING PLAINTIFF'S CLAIMS IS [SIC] A DISCOVERY SANCTION PURSUANT TO CIV.R. 37(B)(2)(c) WITHOUT NOTICE AND HEARING PURSUANT TO CIV.R. 41 THUS, VIOLATING THE DUE PROCESS GUARANTEES [OF] THE UNITED STATES AND OHIO CONSTITUTIONS."

{¶ 16} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DISMISSING PLAINTIFF'S CLAIMS FOR THE REASON THAT THERE HAD BEEN SUBSTANTIAL COMPLIANCE WITH THE COURT'S ORDER."

{¶ 17} Foley contends that the trial court abused its discretion and violated due process in failing to give him notice that his complaint might be dismissed for the alleged discovery violation and in failing to conduct a hearing about the alleged discovery violation before dismissing his claim. He also asserts that his due process rights were violated by the facts that the motion to dismiss was made orally and that the trial court did not promptly journalize its decision to grant the motion to dismiss.

{¶ 18} Civ.R. 37(B) provides various sanctions for failure to comply with discovery, including the harshest sanction of dismissal of the action. Civ.R. 37(B)(2)(c). The determination of which sanction to impose is a matter left to the sound discretion of the trial court and will not be reversed on appeal unless the trial court abused its discretion. *Quonset Hut, Inc. v. Ford Motor Co.* (1997), 80 Ohio St.3d 46, 47. A trial court abuses its discretion when its decision is "unreasonable,

arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.

{¶ 19} In exercising its discretion in discovery matters, it is the task of the trial court to determine which party must bear the burden and expense of acquiring documents requested in discovery that are not in possession of either party. *Simmons v. Merrill, Lynch, Pierce, Fenner & Smith* (1977), 53 Ohio App.2d 91, 97, fn.6; *Stegawski v. Cleveland Anesthesia Group, Inc.* (1987), 37 Ohio App.3d 78, 85.

{¶ 20} The courts of Ohio have long recognized that the interests of justice are better served when courts address the merits of claims and defenses at issue rather than using procedural devices to resolve pending cases. *Moore v. Emmanuel Family Training Center, Inc.* (1985), 18 Ohio St.3d 64, 70. The harsh sanction of dismissal should be reserved for cases when a party's conduct falls substantially below what is reasonable under the circumstances, evidences a complete disregard for the judicial system or the rights of the opposing party, or when the failure to comply with discovery orders is due to willfulness or bad faith. Id; *Barrow v. Miner*, 190 Ohio App.3d 305, 2010-Ohio-5022, ¶18, citing *Ward v. Hester* (1973), 36 Ohio St.2d 38, syllabus. Where a party's conduct is "negligent, irresponsible, contumacious or dilatory," it may provide grounds for a dismissal with prejudice for a failure to prosecute or to obey a court order. *Tokles & Son, Inc. v. Midwestern Indemn. Co.* (1992), 65 Ohio St.3d 621, 632, citing *Schreiner v. Karson* (1977), 52 Ohio App.2d 219, 223.

*Adequacy of Notice*

{¶ 21} Foley contends that he was deprived of an opportunity to "respond to an oral motion for sanctions" or to "file a written response," as permitted by Civ.R. 6(D) and "Civ.R. 7(b)(2)(D)."

{¶ 22} Civ.R. (6)(D) relates to the time for filing motions, and states: "A written motion *** and notice of the hearing thereof shall be served not later than seven days before the time fixed for the hearing ***." Civ.R. 7 does not include a subsection "(b)(2)(D);" we presume that Foley relies on Civ.R. 7(B)(2), which allows a court to forego an oral hearing on a motion and rely on "brief written statements of reasons in support and opposition" to expedite its business. This rule provides that motions shall be in writing "unless made during a hearing or a trial." Because no written motion was filed in this case, and because Nussbaum's motion to dismiss was made during a conference with the court at which Foley's attorney was present, it is not clear that Civ.R. 6(D) or 7(B)(2) applied. However, as we will discuss below, there is no question that Foley was entitled to notice and an opportunity to be heard before his claim was dismissed for failure to comply with the court's discovery orders.

{¶ 23} Foley also relies on Civ.R. 41(B), which states: "Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, *after notice to the plaintiff's counsel*, dismiss an action or claim." (Emphasis added.) Civ.R. 41(B) does not specify what type of notice is required.

{¶ 24} In addition to the Civil Rules on which he relies, Foley cites several cases in support of his argument that he was given neither reasonable notice of nor

a reasonable opportunity to respond to or "defend" the motion for dismissal. See *Quonset Hut*, 80 Ohio St.3d 46; *Ohio Furniture Co. v. Mindala* (1986), 22 Ohio St.3d 99; and *Edison Systems, Inc. v. Ficken* (July 11, 1991), Franklin App. No. 90AP-1389. These cases recognize "'a basic tenet of Ohio jurisprudence that cases should be decided on their merits,'" as well as Civ.R. 41(B)(1)'s requirement that a plaintiff receive notice that the court is considering involuntary dismissal. Further, they hold that the notice requirement of Civ.R. 41(B)(1) applies to all dismissals with prejudice, including those entered pursuant to Civ.R. 37(B)(2)(c) for failure to comply with discovery orders. *Ohio Furniture*, 22 Ohio St.3d at 101, citing *Perotti v. Ferguson* (1983), 7 Ohio St.3d 1, 3; *Quonset Hut*, 80 Ohio St.3d at 48; *Ficken*, supra. The cases also observe that, where the potential dismissal is for failure to comply with a discovery order, "[n]otice of intention to dismiss with prejudice gives the non-complying party one last chance to obey the court order in full" or to rebut the allegation that the party has failed to comply, which furthers the goal of deciding cases on the merits. *Ohio Furniture*, 22 Ohio St.3d at 101; *Quonset Hut*, 80 Ohio St.3d at 48*; Ficken*, supra. There is no question that, when involuntary dismissal is being considered as a sanction for a discovery violation, notice and an opportunity to respond is required.

{¶ 25} The pivotal question in this case is whether Foley had the required notice and opportunity to respond. Several cases decided since the Supreme Court's holdings in *Ohio Furniture* and *Quonset Hut* have held that a court order compelling timely discovery under a threat of dismissal constitutes such notice, especially where a party has repeatedly failed to produce discovery materials, has

been given extensions of trial dates, and has been given other opportunities to bring legitimate discovery problems to the court's attention.

{¶ 26} For example, in *Aydin Company Exchange Inc. v. Marting Realty* (1997), 118 Ohio App. 3d 274, the plaintiff left the country "regarding business dealings" six days after being served with notice of a defendant's intent to take his deposition. The plaintiff requested a continuance of the discovery deadline for "at least 120 days," without providing any explanation for his sudden departure or his inability to return for his deposition. The magistrate denied the request for a continuance and ordered the plaintiff to attend his deposition or be subject to sanctions, including dismissal with prejudice. The plaintiff did not attend the deposition. After several defendants moved for sanctions, the magistrate held a hearing, at which the plaintiff did not appear. The magistrate recommended dismissal of the plaintiff's claims, with prejudice and at his cost. The trial court overruled plaintiff's objections and adopted the magistrate's decision.

{¶ 27} On appeal, the trial court's judgment dismissing the case was affirmed. The appellate court, relying on *Ohio Furniture*, held that, under the circumstances presented, the trial court did not abuse its discretion in determining that the plaintiff's failure to attend his deposition was willful and in bad faith. It also concluded that the magistrate's order denying the plaintiff's request for a continuance, in which it informed the plaintiff that his failure to appear at the deposition would be grounds for dismissal with prejudice, satisfied the notice requirement of Civ.R. 41.

{¶ 28} In *Coe v. Grange Mutual Casualty Co.*, Erie App. No. E-06-057 and

E-06-058, 2007-Ohio-2823, another appellate district similarly concluded that a trial court's order compelling discovery on threat of dismissal constituted the notice required by Civ.R. 41(B)(1).

{¶ 29} In this case, the trial court had expressly warned Foley that his failure to comply with discovery requests to provide information about his medical expenses and records could result in dismissal of his complaint. And his attorney participated in the pre-trial conference at which the motion to dismiss was discussed. Although we do not have the record of that conference, Foley's attorney does not claim that he was denied an opportunity to explain the failure to provide discovery; it appears that the trial court was simply unpersuaded by his explanation for failing to provide discovery or to join the parties in possession of the documents, as instructed by the court. Under these circumstances, we cannot conclude that Foley was denied notice or an opportunity to be heard on this issue.

### *Abuse of Discretion*

{¶ 30} Foley also contends that the trial court abused its discretion in concluding that dismissal was an appropriate sanction for his alleged discovery violations.

{¶ 31} In determining whether the sanction of dismissal is warranted, the trial court should consider "the history of the case; all the facts and circumstances surrounding the noncompliance, including the number of opportunities and the length of time within which the faulting party had to comply with the discovery or the order to comply; what efforts, if any, were made to comply; the ability or inability of the faulting party to comply; and such other factors as may be appropriate." *Russo*

*v. Goodyear Time & Rubber Co.* (1987), 36 Ohio App.3d 175, 178.

{¶ 32} Nussbaum had filed several motions to compel discovery, and Foley's failure to provide medical records or sufficient information for Nussbaum to obtain those records had been discussed at several pre-trial conferences. The trial date was continued several times, due, in part, to the ongoing discovery dispute. Also, when Foley was unable to obtain the medical records, he failed to join the parties in possession of the records, as instructed by the trial court. It is clear from the trial court's February 2010 order that Foley had been warned that involuntary dismissal was a potential consequence of his continued failure to provide discovery materials. It also seems to be undisputed that such materials had not yet been provided by Foley in April 2010.

{¶ 33} Although Foley repeatedly asserted in the trial court proceedings that he had signed releases allowing Nussbaum to obtain all of his medical records, the record of this case belies that claim. For example, Foley's witness list included only one medical professional: Dr. Sohail Jilani, M.D., of Cass City, Michigan. But in his deposition, Foley testified that, after he was treated in the emergency room at Miami Valley Hospital, the next person from whom he sought treatment was a chiropractor "in Caro" (presumably in Michigan), whose name he did not remember. Foley encouraged defense counsel to search for the name of this chiropractor in his workers' compensation records; it does not appear that he ever identified this chiropractor himself. Such a disclosure does not constitute a good faith effort to comply with a discovery request, even if – as Foley alleges – some type of medical release had been signed which would have permitted Nussbaum to obtain records.

Such a release was of little value if the medical professional who treated Foley had not been identified.

{¶ 34} Moreover, the court instructed Foley as to the course he should take if he were unable to obtain the medical and billing records himself: he was instructed to join as a party or parties those who possessed the records. Foley has offered no explanation on appeal – and appears to have offered no explanation in the trial court – for his failure to comply with this order. His brief suggests that, because "Liberty Mutual was filing a motion to intervene," he may have believed that he need not join other parties. This conclusion was dubious and, in any event, Liberty Mutual's intention to intervene did not excuse or prevent Foley from filing an amended complaint, as instructed by the trial court.

{¶ 35} Based on the extended period of time which passed without the production of Foley's medical records or sufficient information to allow Nussbaum to obtain those records, without the amendment of his complaint to include the parties in possession of such records and without any effort on his part to enlist the court's help in obtaining the documents, the trial court could have reasonably concluded that Foley's failure to provide the requested discovery was motivated by his willfulness, irresponsibility, or bad faith. As such, we cannot conclude that the trial court abused its discretion in dismissing Foley's complaint.

{¶ 36} The assignments of error are overruled

{¶ 37} The judgment of the trial court will be affirmed.

. . . . . . . . . .

FAIN, J. and DONOVAN, J., concur.

Copies mailed to:

Vlad Sigalov
Stephen M. Yeager
Hon. Dennis Adkins