[Cite as *Dayton Truck v. Crowe*, 2026-Ohio-1948.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

DAYTON TRUCK REPAIR AND :      Case No. 25CA6
SERVICE, INC., :
:
   Plaintiff-Appellee, :
:
   v. :      <u>DECISION AND JUDGMENT</u>
:      <u>ENTRY</u>
JOHN CROWE, et al., :
:
   Defendants-Appellants. :      **RELEASED: 05/20/2026**

_____

<u>APPEARANCES:</u>

Aaron M. McHenry, Chillicothe, Ohio for appellants.

Nadeem Quraishi, West Chester, Ohio, for appellee.

_____

Wilkin, J.

{¶1} This is an appeal by defendant-appellants John Crowe and Tonya Coleman ("appellants") from a Ross County Court of Common Pleas judgment granting plaintiff-appellee Dayton Truck Repair and Service, Inc., (DTRS) a default judgment. Appellants raise one assignment of error that asserts that the trial court erred in granting default judgment as a discovery sanction.

{¶2} After our review of the record, the applicable law, and the parties' briefs, we find that the trial court did not err in granting default judgment in favor of DTRS. Accordingly, we overrule appellants' sole assignment of error and affirm the trial court's judgment in favor of DTSR.

FACTS AND PROCEDURAL BACKGROUND

{¶3} On January 1, 2022, DTRS filed a 12-count complaint against four defendants that included appellants alleging breach of contract, conversion, unjust enrichment, usurpation of a business opportunity, breach of fiduciary duty, fraud, and civil conspiracy.  Defendants filed a Civ.R. 12(B)(6) motion to dismiss due DTRS's failure to attach a copy of the signed contract underlining its action to its complaint.  The court granted DTRS leave to amend its complaint.  On May 2, 2022, DTRS filed an amended complaint, which included the same four defendants and 12 counts, along with a copy of the signed contract at issue.

{¶4} On October 3, 2022, defendants filed an answer and a counterclaim.  On October 12, 2022, the court issued a scheduling order that required discovery to be completed by January 5, 2023.  On that same day the case was sent to mediation.  Mediation was unsuccessful, but the parties did agree to complete discovery by December 5, 2022.

{¶5} On December 21, 2022, DTRS filed a motion to compel discovery.  DTRS alleged that on November 7, 2022, it served discovery requests on Defendants, including interrogatories, requests for production of documents, and requests for admissions, with responses due December 5, 2022, but none were timely received.  DTSR argued that the discovery was relevant to claims, damages, counterclaims, and defenses, and defendants' nonproduction is unreasonable and prejudices case preparation.  DTRS further asserted that appellants' admissions were deemed admitted under Civ.R. 36(A)(1) because more than 28 days elapsed without responses.

{¶6} On January 3, 2023, the trial court issued an entry granting DTRS's motion to compel discovery and DTSR's motion to deem their requests for admissions as admitted.

{¶7} On January 27, 2023, DTRS filed a motion for sanctions, which included a request for default judgment against appellants. DTRS alleged that aside from a few records, appellants had failed to comply with any of DTRS's other discovery requests.

{¶8} On March 10, 2023, the trial court granted DTRS's motion for sanctions and rendered a default judgment against appellants. The court found that appellants "have completely ignored [DTSR's] Requests for Discovery (with the exception of some very limited financial documents by [appellant] Crowe."

{¶9} On May 9, 2023, appellants filed a Civ.R. 60(B) motion for relief from the default judgment. In part, the motion alleged that the trial court erred in granting DTRS a default judgment without giving appellants proper notice as required by the Ohio Civil Rules of Procedure.

{¶10} On June 30, 2023, the trial court granted appellants relief from the default judgment. The court reasoned that because defendants had made an appearance in this case, the law required the court to give them notice before entering the default judgment. The court then set a hearing for October 20, 2023, to consider sanctions against the appellants due to their failure to comply with DTRS's discovery requests.

{¶11} At the October hearing, counsel for DTRS reviewed the timeline of the case, including appellants' failure to provide discovery through the date of the

hearing.  Counsel maintained that appellants had raised no meritorious defense to DTRS's claims.  He also asserted that appellants have provided no explanation for their failure to respond to DTRS's discovery requests and that rises to the level of excusable neglect.  He claimed that appellants did not act in good faith by failing to respond to DTRS's discovery requests.

{¶12} Counsel for appellants stated: "we're [ ] not here to make excuses. It just – it didn't get done in a timely fashion.  It just didn't get done."  Given the amount of damages DTRS is seeking, counsel argued that deeming DTRS's requests for admission admitted is a more appropriate sanction than a default judgment.

{¶13} On October 23, 2023, the court issued an entry finding that appellants failed to respond to discovery, ignored the court's entry ordering appellants to comply, and provided no adequate excuse at the sanctions hearing. Even after the trial court vacated the earlier default judgment for lack of proper notice, the appellants still provided no discovery in the ensuing four months. Thus, the trial court found the appellants willfully and in bad faith failed to comply with the discovery orders.  The court ordered the factual allegations in DTSR's amended complaint as established for purposes of this action and further rendered a default judgment against appellants

{¶14} On November 8, 2024, the court held a damages hearing.  DTRS presented a single witness, who was the treasurer for DTRS, as well as several exhibits.  The witness testified to various vehicles that were purported to be part of a business deal in support of its damages claim.

{¶15} On January 16, 2025, the court issued a final judgment accepting DTRS's proposed vehicle valuation, holding Crowe liable to DTRS for $254,750 and Crowe and Coleman jointly and severally liable to DTRS for $140,043.  It is this judgment that appellants appeal.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR DEFAULT JUDGMENT

{¶16} Appellants contend the trial court erred in granting the DTRS's motion for default judgment. The appellants argue that the trial court should have considered less severe sanctions for discovery violations because default judgment is a harsh sanction that should be reserved for cases of willfulness or bad faith.  Appellants maintain that their conduct did not demonstrate a total disregard for the judicial system or bad faith, as they were actively involved in the case and made efforts to comply with discovery requests.  Appellants point out that DTRS's discovery requests were "voluminous[,]" that they provided some documents to DTRS, that they were "continuing to collect the additional documentation when the trial court granted default judgment[,]" and that they "later accumulated much of the requested information."

{¶17} Additionally, appellants argue that the trial court should have considered the proportionality of the sanctions and the amount of money at issue before granting default judgment.

{¶18} Therefore, appellants assert that because there is no evidence appellants acted in bad faith in responding to DTRS's discovery requests and because the judgment involved a substantial sum of money, this court should find

that the trial court abused its discretion in granting judgment to DTRS and reverse the judgment.

{¶19} DTRS argues that under Civ.R. 37(D), a trial court has discretion to impose sanctions for discovery violations, including default judgment, if a party fails to respond to discovery requests.  Appellants neither objected to DTRS's discovery requests nor provided responses by the court-imposed deadline, nor did they request an extension.  Even after the court granted DTRS's motion to compel discovery and up and until the damages hearing, appellants still failed to object, provide discovery or request an extension.  DTRS maintains that these sustained failures support that appellants' actions were willful or in bad faith.

{¶20} Because appellants' discovery failures were willful and in bad faith, DTRS asserts that the court did not abuse its discretion in granting default judgment in its favor.  Therefore, DTRS maintains this court should overrule appellants' assignment of error.

### A. Law

{¶21} Civ.R. 37(B)(1)(f) permits a court to issue a default judgment against a party who fails to provide discovery.  "It is the general rule that the imposition of sanctions under Civ.R. 37(B) is a matter within the sound discretion of the trial court and will not be set aside absent a showing of an abuse of discretion."  *Hall v. Mainous*, 2000 WL 1206609, *2 (4th Dist. Aug. 18, 2000), citing *Ward v. Hester,* 32 Ohio App.2d 121 (3rd Dist. 1972).  An "[a]buse of discretion" suggests unreasonableness, arbitrariness, or unconscionability.  *State v. Grate*, 2020-Ohio-5584, ¶ 187.  " 'It is an abuse of discretion for a trial court to grant a default

judgment for failing to respond to discovery requests when the record does not show willfulness or bad faith on the part of the responding party.' " *State ex rel. Dispatch Printing Co. v. Johnson*, 2005-Ohio-4384, ¶ 49, quoting *Toney v. Berkemer*, 6 Ohio St.3d 455, syllabus (1983). "Review for an abuse of discretion, therefore, does not permit a superior court to substitute its judgment for the trial court's." *Davis v. McGuffey*, 2022-Ohio-2163, ¶ 12.

B. Analysis

**{¶22}** Our review of the record indicates that from November 7, 2022, when DTRS served its discovery requests on the appellants, until the court issued a default judgment in favor of DTRS on October 25, 2023, the appellants, with few exceptions, failed to provide the requested discovery, did not object to any requests, and did not seek an extension. During this period, several key events occurred: (1) an agreed December 12, 2022, discovery deadline passed; (2) a court-imposed January 5, 2023 discovery deadline passed; (3) the court issued an order compelling compliance with discovery on January 3, 2023; (4) the court granted DTRS's motion for sanctions and issued a default judgment on March 10, 2023, which was vacated on June 20, 2023; and (5) on October 20, 2023, the trial court held a hearing on DTRS's motion for sanctions, and on October 25, 2023, the trial court again granted DTRS's motion for sanctions and issued a default judgment against the appellants for their failure to comply with discovery. Despite the agreed-upon timelines, court-imposed deadlines, their awareness of the potential for default judgment (which was entered and later

vacated), and the additional time given to respond after the vacatur, appellants still failed to provide discovery responses.

**{¶23}** Appellants claim that DTRS's discovery requests were "voluminous[,]" they (appellants) provided some requested documents, and "later accumulated much of the requested information." Appellants further argue that DTRS failed to meet its burden that appellants acted in bad faith.

**{¶24}** In *Huntington Natl. Bank v. Zeune*, the Tenth District Court of Appeals recognized that a trial court "need not use any particular 'magic words' when granting default judgment, as long as the record substantiates willful inaction or bad faith." 2009-Ohio-3482, ¶ 19 (10th Dist.), citing *Ohio Bar Liability Ins. Co. v. Silverman*, 2006-Ohio-3016, ¶ 15. The appellants essentially argue that DTRS's discovery request was too extensive to address in a timely manner. However, they fail to specify what the "voluminous" discovery request entailed. Was it 50 documents, 500 documents, or more? Were they difficult to acquire, and, if so, why? Yet, appellants never sought an extension of the discovery deadline despite various deadlines passing and a court order compelling compliance. Under these particular facts, we conclude that the appellants acted in bad faith and willfully failed to comply with DTRS's discovery requests.

**{¶25}** Relying on our decision in *Lankford v. Weller*, 2023-Ohio-430 (4th Dist.), appellants also argue that the default judgment issued against them should be reversed because it involves a large sum of money, so default is inappropriate. In *Lankford*, we considered whether the trial court abused its

discretion in vacating a default judgment pursuant to the appellant's Civ.R. 60(B)(1) motion for relief.

{¶26} To prevail on a Civ.R.60(B)(1) motion for relief from a judgment, the movant must demonstrate (1) a meritorious defense, (2) excusable neglect and (3) the motion was filed in a reasonable time. *Id*. at ¶ 26, 31. In *Lankford*, relying on the Supreme Court's opinion in *Colley v. Bazell,* we recognized that in determining whether neglect is excusable courts must " ' consider all the facts and circumstances,' " which we found included the amount of the judgment. *Id*. at ¶ 60, quoting *Colly v. Bazell*, 64 Ohio St.2d 243, 249. We further found "that based on the extremely large amount of the judgment [$2.9 million] . . . and that . . . [appellant's] actions were *not intentional* there is a 'sound reasoning process' that would support the trial court's judgment." (Emphasis added) *Id.* at ¶ 64. We continued, "the evidence does not appear to indicate that [appellant's son] intentionally threw away the complaint, or otherwise intentionally failed to deliver it to [appellant], which would have been a 'complete disregard for the judicial system,' making his neglect inexcusable." *Id*. at ¶ 65. Thus, essentially relying on the large amount of the default judgment and that the movant did not act in bad faith, we concluded that the trial court did not abuse its discretion in granting appellant's Civ.R. 60(B) motion for relief from the default judgment levied against him.

{¶27} While the default judgement in the instant case is certainly substantial, it is not nearly as large as the $2.9 million default judgment in *Lankford*. However, more important to our analysis is that, unlike in *Lankford*, we

found appellants herein acted willfully and in bad faith by not complying with DTRS's requests for discovery, showing complete disregard for the judicial system.  In light of this, we find that *Lankford*'s recognition that default judgment may not be appropriate when large sums are involved is not persuasive in demonstrating that the trial court abused its discretion in granting DTRS default judgment.

### C. Conclusion

**{¶28}** Because the evidence indicates that appellants' failure to comply with DTRS's discovery request was willful and in bad faith, we find that the trial court did not abuse its discretion in granting a default judgment in favor of DTRS as a sanction for that failure.  *See Foley v. Nussbaum*, 2011-Ohio-6701, ¶ 35 (2d Dist.) (Held that the trial court's harsh sanction of dismissing the plaintiff's complaint for his failure to comply with defendant's discovery was not an abuse of discretion where the plaintiff's failure was "motivated by his willfulness, irresponsibility, or bad faith.").  Accordingly, we affirm the trial court's judgment.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that the appellants shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. and Hess, J.:  Concur in Judgment and Opinion.

For the Court,


BY: _____
Kristy S. Wilkin, Judge




**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 22, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**